EMMA BRODY, Respondent, *v.* JACOB BRODY, Appellant.

First Department, February 6, 1920.

**Husband and wife — action for separation brought after execution of separation agreement — evidence failing to establish resumption of marriage relation with intent to abandon agreement.**

In an action for separation, brought after a separation agreement had been executed by the parties, in which it was contended that there had been a resumption of the marital relation and an abandonment of the prior agreement, evidence examined, and *held*, insufficient to sustain said contention.

APPEAL by the defendant, Jacob Brody, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of May, 1919, upon the decision of the court after a trial at the New York Special Term.

*Harry A. Gordon* of counsel [*Irving Gordon* with him on the brief], for the appellant.

*Herman M. Frank* of counsel [*Samuel D. Levy* with him on the brief], for the respondent.

SMITH, J.:

In November, 1886, the parties hereto were married. In 1910 they separated and a separation agreement was made between them which recites that they have been living apart

and have consented to live separate and apart from each other during their natural lives, and the defendant is to pay the plaintiff ten dollars per week, and this the plaintiff agrees to accept in full satisfaction for her support and all manner of maintenance.    This relation continued, the defendant paying to the plaintiff ten dollars per week, until 1914, when the plaintiff went to live at Brighton Beach, and it is there claimed by the plaintiff that there was a reconciliation which superseded this separation agreement, and that the parties agreed thereafter to live together as husband and wife.    By the evidence of the plaintiff it appears that for three or four weeks, or every week she was at Brighton Beach, the defendant came down and spent Sunday with her and they lived together as husband and wife.    This is denied by the defendant, and it is denied by him that he cohabited with her as his wife during that summer, or at any other time since their separation agreement. After that summer, however, the defendant refused to live with her and has continued to pay the ten dollars a week which has been accepted by the plaintiff.    The trial judge accepted the plaintiff's version and decreed a separation giving fifteen dollars a week alimony.    The only question, therefore, here is whether there was in 1914 such a resumption of the marital relation as to indicate an intention to abandon the agreement of separation.    In *Hughes* v. *Cuming* (36 App. Div. 302) it is held that where parties having separated under a separation agreement thereafter had intercourse, but did not intend the resumption of the marriage relation, the agreement for separation was not thereby abrogated.    Assuming for the argument that there was evidence sufficient to sustain the findings that the plaintiff and the defendant did at Brighton Beach live together as husband and wife, the evidence is wholly insufficient to sustain the finding that they resumed the marriage relation with intent to abandon the agreement of separation.    The evidence of the plaintiff is not supported as to any facts indicating such an intention, and in view of the denial of the defendant and the fact that no further resumption of the marriage relation is claimed, than is sworn to during the week-ends of a few weeks at Brighton Beach, and in view of the fact that during those weeks and for a long time thereafter both parties accepted and acted upon the

separation agreement plaintiff receiving the weekly amount therein stipulated, we are of opinion that the judgment should be reversed and the complaint should be dismissed. The third and fourth findings of fact are reversed.

Clarke, P. J., Laughlin, Page and Merrell, JJ., concur.

Judgment reversed and complaint dismissed. Settle order on notice.