■ TERRI R. MARKOWITZ, Respondent, v HOWARD MARKOWITZ, Appellant. (Action No. 1.) HOWARD MARKOWITZ, Appellant, v TERRI R. MARKOWITZ, Respondent. (Action No. 2.)—Judgment, Supreme Court, New York County, entered June 16, 1975, which, *inter alia,* granted judgment to the plaintiff, rescinding the separation agreement; dismissed the husband's action for divorce; and granted weekly alimony of $100 and weekly child support of $100, and counsel fees of $2,500, modified, on the law and the facts and in the exercise of discretion, to the extent of reversing the judgment rescinding the separation agreement and remanding the action for a new plenary hearing and directing that, in the interim, alimony be continued at $75 per week, child support at $75 per week, payment of arrears in alimony and support be reduced to $50 per month, and the issue of the excessiveness of counsel fees be determined at a plenary hearing, and otherwise affirmed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The parties to this action were married in September, 1967 and have two children born of that marriage. They entered into a separation agreement dated April 26, 1972. The attack by the wife of the separation agreement is predicated upon her contention that, after execution of the agreement, the parties continued to reside together physically and to cohabit. Mere cohabitation alone does not by itself destroy the validity of the separation agreement but must have as an added ingredient an intent to reconcile *(Brody v Brody,* 190 App Div 806; *Dubin v Dubin,* 174 Misc 952, 955, affd 261 App Div 945, mot for lv to app den 261 App Div 1057), which intent is, of course, a question of fact to be proven by the acts and expressions of the parties (cf. *Farkas v Farkas,* 26 AD2d 919). In the case at bar, the husband categorically denies cohabitation after the execution of the separation agreement. The wife on the other hand claimed that, prior to the sale of the marital home, which sale occurred some seven months after the execution of the separation agreement, the parties lived together in the home and cohabited. After the sale, they met frequently, dated with others, and cohabited. Neither the testimony of the wife's father nor of the oldest child of the marriage shed any light as to either cohabitation or reconciliation. Under the facts as elicited in this case, we find that there was insufficient adduced to warrant abrogation of the separation agreement and we have accordingly remanded the matter for a new hearing. Concur—Stevens, P. J., Kupferman, Birns and Lane, JJ.; Yesawich, J., dissents in part in the following memorandum: Dissenting in part memorandum by Yesawich, J. Although the judgment should be modified so as to reduce the alimony award to $75 per week, the child support award to a like amount and to require that retroactive payments be paid at the rate of $50 per month, I would in all other respects affirm for I consider the essential issue to be the validity of the separation agreement which was entered into by the parties while they were still continuing to live together as husband and wife in the marital home. In granting the plaintiff wife judgment rescinding that agreement the court below, noting the husband's testimony was in part incredible and unworthy of belief, specifically found, and there was ample evidence in the record to do so, that "Neither the wife nor the husband had the requisite intent to separate from each other at the time they allegedly executed the purported agreement" and further "that the parties continued to live together as husband and wife for a period of at least 7 months following the execution, and despite the signing, of the purported agreement". An agreement to separate entered into while the

parties are living together and where actual separation does not take place reasonably promptly thereafter is contrary to public policy and unenforceable. *(Whedon v Whedon,* 247 App Div 463; *Dowie v De Winter,* 203 App Div 302; *Matter of Dail,* 29 Misc 2d 809, affd 14 AD2d 850; *Pugliese v Pugliese,* 220 NYS2d 67; *Matter of Silver,* 137 Misc 59.) Contracts of this nature foster the dissolution or alteration of the marital relationship and therefore are to be looked upon with disfavor. (1 Lindey, Separation Agreements [rev ed], § 4, pp 4–5.)