■ STEPHEN G. STIM, Appellant, v GILAT P. STIM, Respondent.—In an undefended action for divorce, predicated upon the grounds that (1) the parties lived separate and apart pursuant to a filed written separation agreement for a period of one or more years and (2) defendant was guilty of cruel and inhuman treatment of the plaintiff, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered April 14, 1978, which, after a nonjury inquest, dismissed the complaint. Judgment reversed, on the law and the facts, without costs, and action remanded to Special Term for further proceedings consistent herewith, which proceedings shall be held before a Judge other than the one who presided at the inquest. Special Term's finding of an "intent to reconcile" was contrary to the weight of the credible evidence. This finding, based entirely upon plaintiff's acknowledgment that he did cohabit with defendant "very sporadically", is contrary to the well-established rule that "Mere cohabitation alone does not by itself destroy the validity of the separation agreement" (see *Markowitz v Markowitz,* 52 AD2d 521; see, also, *Brody v Brody,* 190 App Div 806). Accordingly, a divorce should have been granted upon the ground that the parties lived separate and apart pursuant to a filed written separation agreement for a period of more than one year. Upon remand, Special Term should make findings, based upon plaintiff's financial ability, as to the amount, if any, of child support payments to be made by plaintiff. Should

the court determine that plaintiff is able to pay child support, provisions therefor should be incorporated into the judgment of divorce. Damiani, J. P., Titone, Rabin and Margett, JJ., concur.