ALAN H. LAPIDUS, Appellant, v ROCHELLE L. LAPIDUS, Respondent.

First Department, October 23, 1979

APPEARANCES OF COUNSEL

*Jerome B. Winter* of counsel *(Moser, Henkin & Winter,* attorneys), for appellant.

*Miriam M. Robinson* of counsel *(Finkelstein & Robinson,* attorneys), for respondent.

**OPINION OF THE COURT** ˙

*Per Curiam.*

The parties entered into a separation agreement in 1971, providing for alimony and support of the sole child of the 14-year marriage. In August, 1974 plaintiff husband sued for conversion of the separation agreement to a "no-fault" divorce under subdivision (6) of section 170 of the Domestic Relations Law. Defendant counterclaimed for divorce on grounds of abandonment under subdivision (2) of section 170. The trial court found that inasmuch as the parties had "cohabited" during the period of separation, neither was entitled to a divorce. Only plaintiff appeals.

With the emergence of the "no-fault" divorce throughout the country as an expedient device for dissolving stale marriages, the several States have split over adherence to strict requirements of separation before such an agreement can be converted to a divorce. This is especially a problem where the spouses continue a mutual relationship during the period of separation. (See, e.g., Ann. 35 ALR3d 1238, 1281-1284.)

The testimony at trial evidenced a continuing relationship of sorts between 1971 and 1974. For example, the parties traveled together on occasion, registering as husband and wife. One such occasion was in 1972, when they vacationed together for five days on St. Martin in the West Indies, and another was the following year during a visit to a friend in Montreal. The same procedure was followed when they visited their child in summer camp in 1972, 1973 and 1974. Plaintiff also occasionally stayed over at the marital abode with defendant, notably during the period of consolation following the death of her father. Sexual relations during these periods of social intercourse were conceded.

In Finding FIFTH (d) the trial court found: "The plaintiff failed to prove that the plaintiff and the defendant did not cohabit within the last year." In Conclusion SECOND, the trial court ruled: "That plaintiff is not entitled to a judgment of divorce herein, having failed to establish that the parties did not cohabit within the last year and on this basis a judgment of divorce on the grounds of separation for more than one year under a filed separation agreement is denied."

However, subdivision (6) of section 170 of the Domestic Relations Law authorizes a divorce pursuant to a filed separation agreement where the parties "have lived separate and

apart pursuant" to such an agreement "for a period of one or more years" after the execution of the agreement and the plaintiff proves that "he or she has substantially performed all the terms and conditions of such agreement." The statute does not refer to "cohabitation". Cohabitation has been variously defined as "living together as husband and wife" and as "engaging in sexual intercourse". There is no statutory basis for the trial court's finding that the conceded sexual intercourse between the parties constituted "cohabitation" precluding a conversion divorce. We have held: "Mere cohabitation alone does not by itself destroy the validity of the separation agreement but must have as an added ingredient an intent to reconcile" (*Markowitz v Markowitz,* 52 AD2d 521). This court earlier stated that "mere cohabitation and sexual intercourse between the parties, following upon the execution of the separation agreement, would not vitiate such agreement. There must be proof of an intention to abandon the separation agreement." (*Farkas v Farkas,* 26 AD2d 919.) What is required is "such a resumption of the marital relation as to indicate an intention to abandon the agreement of separation." (*Brody v Brody,* 190 App Div 806, 807.)

The trial court did not find an intention to reconcile or to abandon the agreement of separation. The evidence would not support such a finding. In the absence of such a finding, the conceded cohabitation and sexual intercourse between the parties does not bar a conversion divorce under subdivision (6) of section 170 of the Domestic Relations Law. Except for the sporadic cohabitation and sexual intercourse between the parties, the evidence established, as required, that (1) the parties "lived separate and apart" pursuant to the agreement "for a period of one or more years" after the execution of the agreement and (2) plaintiff proved he "has substantially performed all the terms and conditions" of the agreement. This is sufficient.

The purpose of subdivision (6) of section 170 of the Domestic Relations Law is to permit termination of a marital union for which there is no hope of reconciliation. On the evidence here, the finding and conclusion of the trial court on this point were against the weight of evidence and contrary to law (*Stim v Stim,* 65 AD2d 790).

Judgment, Supreme Court, New York County, entered on February 22, 1978, to the extent that it dismissed the complaint for divorce on grounds of cohabitation during the period

of separation, should be reversed on the law and the facts, without costs, and judgment of divorce should be granted to plaintiff based upon a new finding of fact and conclusion of law.

Finding of Fact FIFTH (d) should be vacated and the following finding substituted therefor: "The parties have lived separate and apart pursuant to their separation agreement for a period of more than one year after the execution of the agreement." Conclusion SECOND should be vacated and the following substituted therefor: "Plaintiff is entitled to a judgment of divorce on the grounds of separation for more than one year pursuant to a filed separation agreement."

Settle order.

FEIN, J. P., BLOOM, MARKEWICH, SILVERMAN and ROSS, JJ., concur.

Judgment, Supreme Court, New York County, entered on February 22, 1978, to the extent that it dismissed the complaint for divorce on grounds of cohabitation during the period of separation, reversed on the law and on the facts, without costs and without disbursements, and judgment of divorce granted to plaintiff based upon a new finding of fact and conclusion of law.

Finding of Fact FIFTH (d) is vacated and the following finding substituted therefor: "The parties have lived separate and apart pursuant to their separation agreement for a period of more than one year after the execution of the agreement." Conclusion SECOND is vacated and the following substituted therefor: "Plaintiff is entitled to a judgment of divorce on the grounds of separation for more than one year pursuant to a filed separation agreement."

Settle order.