■ ANNA BREEN, Appellant, v LEONARD BREEN, Respondent. —In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Richmond County (Kuffner, J.),

dated May 3, 1985, which, after a hearing, denied her motion for relief pendente lite.

Order affirmed, without costs or disbursements.

The parties entered into a separation agreement on June 6, 1979 under which each waived any right to support from the other. Plaintiff commenced the instant action, *inter alia,* for divorce in February of 1985, after an unsuccessful 11-month attempt at reconciliation. She also sought maintenance and counsel fees, pendente lite. After a hearing, plaintiff's motion for pendente lite relief was denied.

The hearing court's determination that the parties' attempted reconciliation did not result in a repudiation of their separation agreement is supported by the record. While generally cohabitation accompanied by an intent to reconcile will result in the repudiation of a separation agreement *(Stim v Stim,* 65 AD2d 790; *Farkas v Farkas,* 26 AD2d 919), this rule is grounded upon the presumed intent of the parties, and should not be applied when a contrary intent is clear *(Matter of Wilson,* 50 NY2d 59; *Matter of Whiteford,* 35 AD2d 751). At bar, such a contrary intent was indicated by the acts and expressions of the parties, and therefore the determination of the trier of facts that the parties did not intend to repudiate the agreement will not be disturbed *(see, Markowitz v Markowitz,* 52 AD2d 521; *Matter of Whiteford, supra).*

In addition, the separation agreement is not void due to its failure to provide for the plaintiff's support. Although the agreement was entered into prior to the effective date of the 1980 amendment to General Obligations Law § 5-311 (L 1980, ch 281, § 47), sanctioning agreements wherein a spouse waives her right to support provided that she is not likely to become a public charge, that amendment has been given retroactive effect in cases where the matrimonial action was commenced subsequent to the amendment's effective date *(see, Goldfarb v Goldfarb,* 86 AD2d 459).

Since a valid separation agreement exists *(see, Bennett v Bennett,* 56 AD2d 782; *Wilkinson v Wilkinson,* 10 AD2d 937, *lv denied* 11 AD2d 658) and there is insufficient evidence in the record to support plaintiff's contention that she is now unable to support herself and ·is in danger of becoming a public charge, Special Term did not abuse its discretion in denying plaintiff temporary maintenance and counsel fees *(see, Lee v Lee,* 41 AD2d 557). Proceeding to trial with all due haste is the most effective way to remedy any inequity resulting from the court's determination of the motion for temporary

maintenance *(see, Besen v Besen,* 94 AD2d 637; *Seletsky v Seletsky,* 87 AD2d 648). Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.