█ PHILIP B. NEILSON, Respondent, v CHRISTINE B. NEILSON, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (Miller, J.), dated July 19, 1984, as, *inter alia,* held that a written separation agreement entered into by the parties on September 6, 1973, was valid, enforceable, fair and reasonable, and (2), from a judgment of divorce of the same court (Calabretta, J.), entered November 14, 1984.

Appeal from the order dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment modified, on the law, by adding a provision thereto directing a hearing on the issue of whether the parties' separation agreement was intended to constitute a complete distribution of their property. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for a hearing and determination in accordance herewith.

Special Term correctly determined that the parties did not intend to permanently reconcile or to abandon their 1973 separation agreement, which agreement we hold to be valid, fair and enforceable *(see, Levine v Levine,* 56 NY2d 42; *Christian v Christian,* 42 NY2d 63). However, it is not clear from the record whether the agreement was intended to be a complete distribution of the parties' property. If the agreement was intended to be only a partial settlement of property rights, then there must be a hearing to determine the equitable distribution of the property excluded from the agreement *(see, Carner v Carner,* 85 AD2d 589, 590). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.