■ ELEANOR ROSENHAUS, Appellant, v JAY ROSENHAUS, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Kutner, J.), entered October 22, 1984, as adjudged that the parties' marriage was dissolved by reason of the parties having lived separate and apart pursuant to a written separation agreement for a period of one or more years, and as failed to determine whether a judgment for arrears of pendente lite maintenance and child support should be entered against the defendant husband and the amount of any such arrears owing to the plaintiff.

Judgment modified by adding a provision thereto directing a hearing with respect to arrears in pendente lite maintenance and child support. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for a hearing on the issue of arrears of pendente lite maintenance and child support.

In an order dated January 11, 1984, Special Term (Burstein, J.), granted the plaintiff leave to enter a money judgment against the defendant in a sum equal to the arrears of pendente lite maintenance and child support for the period from July 15, 1983 through September 21, 1983, and referred to the trial court (1) the issue of the amount of the judgment to be entered for the above mentioned arrears and (2) the issue of whether the plaintiff is entitled to a judgment in her

favor for arrears accruing from September 21, 1983, until the date of trial and, if it was found that she was entitled to a judgment for arrears, the amount of the judgment which should be entered. However, in the judgment appealed from, no determination was made regarding these arrears. Accordingly, we agree with the plaintiff that the matter must be remitted to the Supreme Court, Nassau County, for a hearing on the issue of arrears.

However, we do not agree with the plaintiff's contention that the separation agreement and the addendum thereto executed by her and the defendant on January 15, 1980, after they had been living apart for six months, is void, because the parties lived together for a month after the execution of the agreements under the terms set forth in the addendum which provided for a possible 30-day reconciliation. Mere cohabitation following the execution of a separation agreement does not by itself destroy the validity of a separation agreement *(Neilson v Neilson,* 118 AD2d 838; *Stim v Stim,* 65 AD2d 790; *Lapidus v Lapidus,* 70 AD2d 330; *Markowitz v Markowitz,* 52 AD2d 521; *Farkas v Farkas,* 26 AD2d 919). In order to vitiate the separation agreement, there must be "such a resumption of the marital relation as to indicate an intention to abandon the agreement of separation" *(Brody v Brody,* 190 App Div 806, 807; *see, Matter of Whiteford,* 35 AD2d 751). The record supports Special Term's determination that the parties never affected a reconciliation and did not intend to abandon the separation agreement *(see, Nielson v Nielson, supra: Mason v Mason,* 69 AD2d 942, *lv dismissed* 47 NY2d 992; *cf. Matter of Whiteford, supra).* The parties lived together for just a short time after the agreements were executed and, during that period of time, defendant did not give up the apartment that he had been living in. Accordingly, the separation agreement remained valid.

We have reviewed the other contentions of the parties and find them to be without merit. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.