■ DIMITRIOS RESSIS, Appellant, v H. ROBERT HERMAN et al., Respondents.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court at Special Term (Finnerty, J.), entered November 14, 1985 in Monroe County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

In the underlying matrimonial action, a judgment was entered in February 1981 granting both plaintiff and defendant Audrey Elaine Ressis (hereinafter defendant) a divorce against the other, and awarding custody of their child to defendant, with structured visitation rights to plaintiff pursuant to a stipulation between the parties entered on the record in open court and incorporated in the judgment. The controversy, however, continued. In December 1984, following several intervening lawsuits, motions and appeals, the instant suit was commenced by plaintiff *pro se* against defendant and her attorney purporting to allege five causes of action, four of which are for money damages and the fifth for vacatur of the judgment of divorce. Special Term granted defendants' motion to dismiss the complaint giving rise to this appeal by plaintiff.

Generally, in a motion to dismiss for failure to state a cause of action, the complaint is read liberally. "[T]he question to be determined is whether the plaintiffs actually have a cause of action" *(Fields v Leeponis,* 95 AD2d 822; *see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275), "not whether the cause of action can be proved" *(Paul v Hogan,* 56 AD2d 723), and the "pleading is deemed to allege whatever cause of action can be implied from its statement by fair and reasonable intendment" *(Lupinski v Village of Ilion,* 59 AD2d 1050). For defendants to succeed on a motion to dismiss, they must show conclusively that plaintiff has no cause of action *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *Kaufman v International Business Machs. Corp.,* 97 AD2d 925, 926-927, *affd* 61 NY2d 930). In order to determine whether plaintiff has a cause of action, "we must accept the facts alleged as true and determine simply whether those facts fit within any cogniza-

ble legal theory" *(Blitman Constr. Corp. v Kent Vil. Hous. Co.,* 91 AD2d 173, 176).

Giving plaintiff the extra leeway afforded a *pro se* plaintiff, we still find that the complaint was properly dismissed for failure to state a cause of action. Even accepting the alleged facts as true, plaintiff's claims do not make out any cognizable cause of action.

To make out a cause of action for fraud, as plaintiff was attempting to do in his first cause action: "The burden is on the party alleging a cause of action in fraud to set forth all the elements and to plead the 'circumstances constituting the wrong * * * in detail' (CPLR 3016, subd [b]) sufficient to inform a defendant with respect to the incidents complained of *(Lanzi v Brooks,* 43 NY2d 778)." *(Meese v Miller,* 79 AD2d 237, 239-240.) The elements in a cause of action for fraud are a misrepresentation of material fact, intended to deceive the other party, which causes injury *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119; *Joy v Brower,* 107 AD2d 1028). The record shows that plaintiff repeatedly asserts that he was defrauded in his divorce action and with respect to his visitation rights, but plaintiff fails to specify in what manner any specific statements were fraudulent, how he relied upon them or how his injury was related to them. On the other hand, in the divorce suit plaintiff was represented by counsel and assured the court unequivocally that he both understood and agreed to the terms of the stipulation which became part of the divorce judgment. Accordingly, the first cause of action was properly dismissed.

We also find that Special Term correctly held that money damages may not be recovered in plaintiff's second cause of action for breach of the stipulation providing for child visitation. The proper remedy was to seek enforcement. Nor do we find error in the release of a copy of the medical evaluation report to the local police department. Any physician-patient confidentiality was waived in the stipulation to submit to a mental health evaluation *(see, Ressis v Mactye,* 98 AD2d 836, 837). We fail to find sufficient facts alleged to support this third cause of action under Civil Rights Law § 50 and, absent commercial exploitation, dismissal of this cause of action was also proper *(see, Novel v Beacon Operating Corp.,* 86 AD2d 602, *lv denied* 56 NY2d 503).

The fourth cause of action alleging slander was also properly dismissed for failure to comply with CPLR 3016 (a), which requires recitation in the complaint of the defamatory words. In addition, such cause of action was time barred by the one-

year Statute of Limitations (CPLR 215 [3]). Finally, beyond the fact that New York does not recognize the substantive tort of civil conspiracy *(Raymond Corp. v Coopers & Lybrand,* 105 AD2d 926), the complaint is barren of factual allegations sufficient to support the fifth cause of action alleging a conspiracy to deprive plaintiff of custody or child visitation and induce him to accede to an unfavorable divorce.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.