■ PATRICIA LOTZ, Respondent, v WALTER B. LOTZ, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Conway, J.), entered June 8, 1987 in Albany County, which denied defendant's motion to dismiss the complaint.

On February 13, 1986, plaintiff and defendant entered into a "separation agreement" which was signed and duly acknowledged before a Notary Public. Each party was represented by counsel. A relevant provision of the separation agreement provided that it could not be modified except by a written agreement "duly subscribed and acknowledged with the same formality as this Agreement". In April 1986, the parties signed an "addendum agreement" drafted by plaintiff's attorney in which they expressed their intent to be bound by the original agreement despite the fact that they were going to try to reconcile. The record indicates that the attempt at reconciliation was short-lived. In July 1986, the parties signed and acknowledged before a Notary Public a "personal property agreement" in which plaintiff agreed to either pay defendant approximately $5,000 for specified personal property she had retained or to return the property. It is undisputed that defendant drafted this agreement at plaintiff's request. He has apparently offered to release her from it.

Plaintiff commenced this action on February 5, 1987. In her complaint, she asserted four causes of action seeking, *inter alia,* rescission of certain of the agreements between the parties. Defendant moved to dismiss the complaint upon the grounds that the claims failed to state a cause of action and were refuted by documentary evidence. Supreme Court denied the motion and this appeal ensued.

We agree with defendant's contention that the allegations contained in the complaint identified as the first and second causes of action fail to state a cause of action. While a complaint is to be read liberally in a motion to dismiss for failure to state a cause of action *(Ressis v Herman,* 122 AD2d 516; *Gabrielle v Craft,* 75 AD2d 939, 940), it is subject to dismissal when it was so inartfully drawn that a defendant could not intelligently respond without resorting to pretrial procedures *(Pope v New York Prop. Ins. Underwriting Assn.,*

112 AD2d 984, 985, *affd* 66 NY2d 857). Plaintiff's first cause of action is ostensibly for breach of the separation agreement. In support of that cause of action, she states that she and defendant entered into the separation agreement and merely offers the conclusory allegation that "defendant has failed to comply with the terms of the Agreement of Separation on his part". There is absolutely no indication how he purportedly breached the separation agreement. We find this conclusory allegation inadequate to survive the motion to dismiss for failure to state a cause of action.

Plaintiff's second cause of action seeks rescission of an unspecified agreement based upon fraud. An alleged cause of action based on fraud must include detailed factual allegations which support the claim *(see,* CPLR 3016 [b]; *Van Wie v Van Wie,* 124 AD2d 353, 355; *Ressis v Herman, supra).* Plaintiff basically alleges that she transferred "certain rights, property and money" to defendant based on his purported promise that if she made these transfers, they could work toward a reconciliation. However, it is not even clear from the complaint which of the parties' three agreements plaintiff is seeking to rescind in her second cause of action. Further, she does not allege what property she supposedly transferred, nor is it ascertainable from the complaint how she reasonably relied on the supposed promise of renewed marital affection based on a property transfer. She merely states that she relied upon the purported statement in *attempting* to reach an agreement. We conclude that the complaint does not contain the necessary details to support a cause of action based on fraud *(see, Greschler v Greschler,* 51 NY2d 368; *Kaufman v Kaufman,* 127 AD2d 463; *Ressis v Herman, supra).*

In her alleged third cause of action, plaintiff seeks rescission of an "agreement of modification" (apparently referring to the personal property agreement) upon the ground that it was entered into without counsel present. She alleges that the personal property agreement was thus not executed with the same formalities as the separation agreement, rendering it void. However, the personal property agreement was a written agreement, signed by the parties and acknowledged before a Notary Public. The separation agreement does not require the presence of counsel in order for the parties to enter into an agreement, there is no contention that the parties intended such a requirement, and we do not deem it proper to read such a requirement into the separation agreement. There is no ambiguity. The personal property agreement was drafted at plaintiff's request and there is no allegation that its provi-

sions are fraudulent or unfair. Accordingly, we conclude that the third cause of action should be dismissed.*

Likewise, plaintiff's fourth cause of action is insufficient to withstand the motion to dismiss. In that cause of action, plaintiff alleges that the separation agreement was invalidated by defendant's cohabitation with her following execution of the agreement. Mere sporadic cohabitation and sexual relations are not enough to vitiate a separation agreement; there must be intent to reconcile and *intent to abandon the agreement (Lapidus v Lapidus,* 70 AD2d 330, 332). The separation agreement is not repudiated when a contrary intent is clear *(Breen v Breen,* 114 AD2d 920, 921). Here, the addendum agreement, which was drafted by plaintiff's attorney, specifically provided that the parties' cohabitation was *not* to be considered as evidence of an intent to abandon the separation agreement. The cohabitation was short-lived, and no reason has been offered which would justify ignoring the specific terms of the addendum agreement. It is clear that the parties intended to maintain the validity of the separation agreement.

Order reversed, on the law, with costs, motion granted and complaint dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* We note that it appears from the record that defendant has offered to unconditionally release plaintiff from the terms of the personal property agreement. If this is so, this cause of action would be rendered moot *(see, Amherst & Clarence Ins. Co. v Cazenovia Tavern,* 59 NY2d 983).