■ JOHN B. SEPENOSKI, Respondent, v MARGARETE L. SEPE-NOSKI, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 2, 1991, which found, after a hearing, that the parties did not vitiate or abandon the separation agreement they executed in 1975.

Ordered that the order is affirmed, with costs.

In 1975, the parties entered into a separation agreement which stated, *inter alia,* that the defendant "shall be returning to Germany". After the agreement, however, the parties continued to live together in the same residence until July 1979. Both parties agreed that no sexual relations occurred after the execution of the agreement and that the defendant slept on the couch. The defendant's contention is that the parties nevertheless continued to live in a "marital relationship" as she cooked, cleaned, washed, and ironed the same way as before. The Supreme Court found, after a hearing, that there was no intent by the parties to reconcile or abandon the agreement and mere cohabitation did not destroy its validity. We affirm.

In order to vitiate a separation agreement, there must be a resumption of the marital relationship and proof of an intention to abandon the agreement *(see, Rosenhaus v Rosenhaus,* 121 AD2d 707; *Lapidus v Lapidus,* 70 AD2d 330). Mere cohabitation alone does not by itself destroy the validity of the separation agreement *(see, Stim v Stim,* 65 AD2d 790).

Despite the fact that the parties lived in the same house for four years after the agreement was signed, the evidence shows that they were not living together as husband and wife. They did not engage in sexual relations and the wife worked on the family farm for salary. That the defendant continued to cook, clean, and wash the same way as before the agreement does not indicate an intent to reconcile or abandon the agreement. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.