■ JOEL N. LIPPMAN, Respondent, v SHEILA M. LIPPMAN, Appellant. [596 NYS2d 241] —Judgment unanimously affirmed without costs. Memorandum: Defendant appeals from a judgment granting plaintiff a divorce based on the parties having lived separate and apart for one year or more pursuant to a written separation agreement *(see,* Domestic Relations Law § 170 [6]). Defendant's primary contention is that the 17-year-old separation agreement had been abandoned by the parties and thus could not serve as the predicate for a conversion divorce. Additionally, defendant contends that, assuming the agreement was not abandoned, it is unfair to afford plaintiff a divorce pursuant to its outdated financial terms. Finally, defendant contends that the hearing was tainted by erroneous evidentiary rulings.

The evidence supports the court's finding that the agreement was not abandoned. Abandonment may be shown circumstantially, by proof of the parties' resumption of the marital relationship by unequivocal acts *(see, Zambito v Zambito,* 171 AD2d 918, 920, *appeal dismissed* 78 NY2d 1125). Nevertheless, there must be sufficient proof from which it can be inferred that the parties intended to reconcile and thereby intended to abandon the separation agreement *(Lotz v Lotz,* 135 AD2d 1007, 1009, *appeal dismissed* 71 NY2d 1012; *Lapidus v Lapidus,* 70 AD2d 330, 331-332, citing *Markowitz v Markowitz,* 52 AD2d 521). Although the existence of such intent is an issue to be resolved by proof of the acts and expressions of the parties *(Markowitz v Markowitz, supra),* it is clearly established that "[m]ere cohabitation following the execution of a separation agreement does not by itself destroy the validity of a separation agreement" *(Rosenhaus v Rosenhaus,* 121 AD2d 707, 708, *lv dismissed* 68 NY2d 997). It follows that "sporadic" cohabitation and the intermittent resumption of sexual relations will not vitiate a separation agreement *(Lotz v Lotz, supra; Lapidus v Lapidus, supra; Stim v Stim,* 65 AD2d 790).

The proof at trial established that the parties apparently had divergent perceptions of their relationship following execution of the separation agreement. We conclude that the court had ample basis for crediting plaintiff's perception over that of defendant. According to her testimony, defendant perceived that the parties reconciled within one year after execution of the separation agreement. That perception is belied by numerous circumstances. First, defendant cannot explain why, if the parties reconciled in 1976, they found it necessary to execute a formal conditional reconciliation document, and attempt an unsuccessful formal reconciliation, in 1985. Second, defendant cannot explain why the parties maintained separate residences from 1975 until mid-1982, while thereafter maintaining separate residences for most of the year except for brief intermittent periods of cohabitation. Third, defendant cannot explain why, if the parties abandoned the separation agreement, they continued to abide by its financial terms. The formality and detachment with which the parties conducted their financial affairs undercuts defendant's assertion that there was a reconciliation. We thus conclude that the court properly found a lack of proof of a mutual intent to abandon the separation agreement *(see, Lotz v Lotz, supra; Lapidus v Lapidus, supra).*

We have considered defendant's remaining contentions and

conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Divorce.) Present —Denman, P. J., Balio, Fallon and Boehm, JJ.