■ ROBERT GUGLIELMO, Appellant-Respondent, v JOSEPH UNANUE et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents; and JOHN A. BRADLEY et al., Respondents, et al., Defendant. KENNETH L. ROY et al., Third-Party Defendants-Respondents. [664 NYS2d 662] —Casey, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered May 31, 1996 in Ulster County, which, *inter alia*, granted a

motion by defendants John A. Bradley, Ecosystems, Inc. and Oxford Group Holdings Ltd. to dismiss the second amended complaint against them for failure to state a cause of action, and (2) from an order of said court, entered January 10, 1997 in Ulster County, which, *inter alia*, granted a motion by defendants Joseph Unanue, Carmen Unanue, Laktil, Inc. and Katlik, Inc. for summary judgment dismissing the second amended complaint against them as time barred.

In December 1986, plaintiff, a New York City resident, purchased a two-acre lot near Tillson Lake in the Town of Gardiner, Ulster County, for $170,000 from third-party defendants. Plaintiff claims that he purchased the property specifically for its proximity to the lake. A 35-acre tract of land on the west shore of the lake was owned by defendants Carmen Unanue and Joseph Unanue, who had acquired their property from Tillson Properties Corporation (hereinafter TPC) in 1975. The deed conveying the 35-acre tract of land to the Unanues from TPC (which had acquired the same parcel six years earlier from Dominick Porco and Carolina Porco) contained a provision that "the * * * party of the first part and the parties of the second part hereby covenant and agree that * * * Tillson Lake shall be forever maintained and kept full of water at the present water level" and if the dam controlling the water level of the lake "shall become damaged or destroyed from any cause whatsoever, or shall be in need of repairs, it shall be repaired or rebuilt promptly so as to restore and preserve the present level of the lake". This covenant was "to run with that part of the land * * * upon which said dam is located and that part of the land adjacent to said dam".

In July 1983, in an attempt to comply with a Department of Environmental Conservation (hereinafter DEC) directive to repair the dam, defendant George Cuney, the Unanues' property manager, drained the lake entirely. During the course of repairs, vandals closed the sluice gate of the dam resulting in the illegal filling of the lake. Each time this occurred, the Unanues had to repair the equipment and, as they were required to get a fill permit from DEC prior to refilling the lake, they had to empty the lake.

Plaintiff commenced this action on August 3, 1989 against the Unanues claiming that they wrongfully, and in violation with the covenant running with the land, failed to maintain the dam which controlled the level of the lake water making it impossible for plaintiff to use Tillson Lake for recreation. Plaintiff sought, *inter alia*, damages in the amount of $200,000 and an order requiring the Unanues to maintain the waters of

the lake at the 1969 level. Six years later, in May 1995, plaintiff filed a second amended complaint, purportedly on behalf of himself and others similarly situated, against the Unanues, Cuney and defendants Laktil, Inc., Katlik, Inc., John A. Bradley, Ecosystems, Inc. and Oxford Group Holdings Ltd. alleging, in a single unspecified cause of action, that defendants conspired to drain Tillson Lake and deprive the residents of the area of their right to use it for recreational activities. Plaintiff further claimed that defendants were acting maliciously and were attempting to punish the residents of the lake due to their successful opposition to defendants' plans for development around the lake.

The Unanues, Laktil and Katlik (hereinafter collectively referred to as the Unanue defendants) answered the second amended complaint and raised several affirmative defenses, including the Statute of Limitations, the improper creation of a class action suit and failure to state a cause of action. Seeking indemnification and contribution, the Unanue defendants commenced a third-party action against third-party defendants, the parties who sold the property to plaintiff, alleging that, at the time of the sale, they falsely and fraudulently represented to plaintiff that Tillson Lake was full of water and would remain that way even though they were aware of the problems that existed with the dam.

In November 1995, Bradley, Oxford Group Holdings and Ecosystems (hereinafter collectively referred to as the Bradley defendants) moved to dismiss the second amended complaint against them on the grounds that it failed to state a cause of action and was time barred. Plaintiff opposed the motion and sought permission to amend the complaint should it be deemed insufficient as a matter of law. In addition, third-party defendants moved to dismiss the third-party complaint as barred by the Statute of Limitations or, alternatively, for failure to state a cause of action in fraud, indemnity and/or contribution.

By order entered May 31, 1996, Supreme Court granted the Bradley defendants' motion and dismissed the second amended complaint against them for failure to state a cause of action and as time barred. The court also granted third-party defendants' motion to dismiss the third-party complaint. Both plaintiff and the Unanue defendants now appeal this order.

Certain motions were thereafter made by plaintiff including one to certify this action as a class action and for partial summary judgment and another for reconsideration of the Bradley defendants' motion to dismiss. The Unanue defendants moved

for, *inter alia*, summary judgment dismissing the second amended complaint as barred by the Statute of Limitations or, alternatively, on the ground that the covenant on which plaintiff based his claim did not entitle him to the relief requested. By order entered January 10, 1997, Supreme Court granted the Unanue defendants' motion seeking dismissal of the second amended complaint as time barred and denied plaintiff's motion for reconsideration. Having dismissed the complaint in its entirety,[1] the court denied all of the remaining motions as academic. Plaintiff now appeals from this order as well.

We initially disagree with Supreme Court's holdings that plaintiff's action is time barred. The Statute of Limitations is triggered upon accrual of the cause of action (CPLR 203 [a]). Either under contract or tort, accrual occurs " 'when * * * the party would be entitled to obtain relief in court' " (*Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221, quoting *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175) and "when the claim becomes enforceable" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; *see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402). Until he owned the property, which was three years after the lake was drained, plaintiff had no right to enforce any claim for relief in court. As plaintiff commenced this action in August 1989, less than three years after he bought the property, timely claims could exist (*see*, CPLR 213 [1], [2]; 214 [4]).[2]

We nevertheless affirm the orders dismissing the second amended complaint. With respect to the Unanue defendants, plaintiff alleges that the Unanues and Cuney maliciously conspired to drain Tillson Lake purposefully to punish the local residents who had opposed their purported development plans for their land. The Unanue defendants have shown, however, that DEC ordered them to empty Tillson Lake in 1983. The subsequent drainage of the lake resulted from the closing of the sluice gate by other persons in a manner not in compliance with DEC directives. Beyond the fact that there is no specific tort for conspiracy in New York (*see, Ressis v Herman*, 122 AD2d 516, 518, *lv dismissed* 69 NY2d 1017; *Ray-*

---

1. Although Supreme Court specifically stated that it was dismissing the second amended complaint in its entirety, Cuney was not a party to any of the dismissal motions and, in fact, he apparently never appeared in the action at all.

2. We do note, however, that a cause of action under RPAPL 2001 (1), which applies to "actions to enforce a covenant or agreement restricting the use of land or to recover damages for breach thereof," would be barred by the two-year limitations period set forth therein (RPAPL 2001 [2]).

*mond Corp. v Coopers & Lybrand*, 105 AD2d 926, 926-927), plaintiff has failed to come forward with any proof supporting any such conspiracy or malice and, instead, has relied on conjecture and surmise, which are insufficient to defeat this motion (*see, Dapp v Larson*, 240 AD2d 918, 919).

We further find that the Unanue defendants' motion for summary judgment dismissing the second amended complaint should have been granted on the ground that the covenant upon which the action is premised does not affect or benefit plaintiff's chain of title. The deed conveying the subject two-acre parcel to third-party defendants in 1978 and the deed by which plaintiff acquired said parcel from third-party defendants is silent with respect to the provisions in the covenant regarding dam maintenance and lake level. Furthermore, plaintiff has failed to show any factual or legal basis for his claim that his parcel was benefitted by said covenant (*see, Eagle Enters. v Gross*, 39 NY2d 505, 507-508). The Unanue defendants, however, have provided unrebutted evidence that no portion of the land "adjacent to said dam", as described in the covenant, comes anywhere near plaintiff's parcel and, therefore, the covenant does not run with his land. The fact that plaintiff may have lake privileges, a right not specifically provided in his deed, does not give him the right to enforce this covenant (*see, e.g., Lake Claire Homeowners Assn. v Rosenberg*, 215 AD2d 446, 447, *lv dismissed* 86 NY2d 838).

As to the Bradley defendants, we find that, even accepting all of the facts alleged in the second amended complaint as true and giving plaintiff the benefit of every possible inference (*see, Leon v Martinez*, 84 NY2d 83, 87-88), Supreme Court properly granted their motion to dismiss said complaint for failure to state a cause of action. The sum and substance of plaintiff's complaint against the Bradley defendants is that they entered into a secret contract with the Unanues to develop the lakefront property and that this contract spawned a conspiracy to coerce local residents who had previously used the lake for recreational purposes to abstain from opposing those development plans. Based on these allegations, plaintiff contends that several causes of action can be proven against the Bradley defendants, including coercion, tortious interference with contract, conspiracy and breach of contract.

First, as already found, plaintiff's deed neither contains any language regarding water rights or covenants concerning the level of the lake nor was the subject covenant meant to benefit plaintiff. Therefore, there is no merit to plaintiff's contentions that a cause of action based on contract violations could be

sustained. In addition, and even affording the pleading a liberal construction as we must on a motion to dismiss (*see, id.,* at 87), we find that plaintiff's submissions are insufficient to state any other causes of action against defendants (*see, Falk v Anesthesia Assocs.,* 228 AD2d 326, 328-329, *lv dismissed* 89 NY2d 916; *Ressis v Herman, supra,* at 518).

Given that we have affirmed the dismissal of the second amended complaint against the Unanue defendants and the Bradley defendants, the remaining issues raised by plaintiff and the Unanue defendants have been rendered academic.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.