■ JOANNA PUGSLEY, Appellant, v JOSEPH T. PUGSLEY, JR., Respondent. [733 NYS2d 125] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated December 12, 2000, as granted the defendant's motion for summary judgment dismissing the complaint and on his counterclaim pursuant to Domestic Relations Law § 170 (6) for a conversion divorce, and denied her cross motion for summary judgment dismissing the counterclaim and declaring the parties' separation agreement null and void.

Ordered that the order is affirmed insofar as appealed from, with costs.

To vitiate a separation agreement, there must be a resumption of the marital relationship and proof of an intention to abandon the agreement (*see, Sepenoski v Sepenoski*, 188 AD2d 457; *Rosenhaus v Rosenhaus*, 121 AD2d 707, 708; *Breen v Breen*, 114 AD2d 920, 921; *Lapidus v Lapidus*, 70 AD2d 330, 332; *Lotz v Lotz*, 135 AD2d 1007, 1009; *Lippman v Lippman*, 192 AD2d 1060, 1061). However, this rule is grounded upon the presumed intent of the parties, and should not be applied when a contrary intent is clear (*see, Breen v Breen, supra*, citing *Matter of Wilson*, 50 NY2d 59; *Matter of Whiteford*, 35 AD2d 751). Thus, mere cohabitation alone does not by itself destroy the validity of the separation agreement (*see, Sepenoski v Sepenoski, supra*; *Lapidus v Lapidus, supra*, at 332; *Lotz v Lotz, supra*, at 1009; *Lippman v Lippman, supra*, at 1061).

The Supreme Court properly granted the defendant's motion for summary judgment on his counterclaim pursuant to Domestic Relations Law § 170 (6) for a conversion divorce. The uncontradicted evidence establishes that when the defendant moved back into the marital residence, both parties continued substantially to comply with the separation agreement. The defendant continued to pay, and the plaintiff continued to accept, child support and alimony pursuant to the terms of the separation agreement, and the plaintiff continued to remain solely responsible for the payment of the mortgage on the marital residence, also in accordance with the terms of the separation agreement. The parties maintained separate bank accounts and, after their initial separation in 1979, they never again filed joint tax returns. The defendant did not receive his mail at the marital residence, and he continued to maintain a separate post office box for his mail. These factors do not evince an intent by the parties to abandon the separation agreement. Moreover, a provision of the separation agreement itself required that any reconciliation must be reduced to writing. No reason has been offered by the plaintiff which would justify ignoring this specific provision of the parties' agreement (*see, Zambito v Zambito,* 171 AD2d 918, 920; *Lotz v Lotz, supra,* at 1009). Based upon all of the foregoing, it is clear that the parties' brief period of cohabitation did not result in a repudiation of the separation agreement.

The plaintiff's remaining contention is without merit. Santucci, J. P., Altman, Townes and Crane, JJ., concur.