■■■ PAUL J. THOMPSON, Appellant, v JANE THOMPSON, Respondent. [741 NYS2d 641] —Appeal from an order of Supreme Court, Wayne County (Sirkin, J.), entered October 11, 2000, which, inter alia, denied plaintiff's application to set aside the parties' separation agreement.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied plaintiff's application to set aside in whole or in part the parties' 1994 written separation agreement, which was incorporated but not merged into the 1995 divorce decree, or to reform it to incorporate an alleged oral promise by defendant to support plaintiff. Contrary to plaintiff's contention, the parties intended to separate and did in fact separate, and the separation agreement therefore is not void ab initio (*see generally Matter of Wilson,* 50 NY2d 59, 63-66). Mere cohabitation of the parties does not by itself invalidate a separation agreement (*see Lippman v Lippman,* 192 AD2d 1060, 1061; *Sepenoski v Sepenoski,* 188 AD2d 457). Rather, only a resumption of the marital relationship, i.e., a continuous living together as husband and wife, in combination with an intention to abandon the separation agreement, will invalidate the agreement (*see Pugsley v Pugsley,* 288 AD2d 284; *Mullen v Mullen,* 260 AD2d 452, 452-453; *Lippman,* 192 AD2d at 1061; *Sepenoski,* 188 AD2d 457). The undisputed proof establishes that the parties intermittently lived under the same roof between March 1994 and the summer of 1998, but did not resume living together as husband and wife. The parties came and went as they pleased, maintained separate bedrooms and never had sexual relations, did not share bank accounts or personal belongings, and filed separate tax returns.

Also contrary to plaintiff's contention, the property settlement provision in article V of the separation agreement is not the equivalent of a contract to relieve defendant of her liability to support plaintiff and thus does not violate General Obligations Law § 5-311 (*see Bloomfield v Bloomfield,* 97 NY2d 188). Moreover, there is no proof to support the further contention that enforcement of that provision will or might result in plaintiff's becoming a public charge (*see Valente v Valente,* 269 AD2d 389, 390; *Breen v Breen,* 114 AD2d 920, 921).

Proof of defendant's alleged oral promise to support plaintiff

is barred by the express terms of the separation agreement, including its provisions with respect to "Modification and Waiver." In light of those provisions and the agreement's merger clauses, we further conclude that proof of defendant's alleged oral promise to support plaintiff is barred by the parol evidence rule (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162; *Marine Midland Bank-S. v Thurlow,* 53 NY2d 381, 387) and by the statute of frauds (*see* § 15-301). The doctrine of part performance does not take the alleged promise outside the statute of frauds because the acts of part performance relied upon by plaintiff are those of defendant, the party disputing the alleged oral promise (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235-236). Nor is defendant estopped from invoking the statute of frauds (*see Rochester Community Individual Practice Assn. v Finger Lakes Health Ins. Co.,* 281 AD2d 977, 978). There is no proof that defendant made a particular misrepresentation of fact on which plaintiff relied to his detriment (*cf. F.B. Tr. Rd. Corp. v DRT Constr. Co.,* 241 AD2d 930, 931; *Ber v Johnson,* 163 AD2d 817, 818). Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.