■ Joseph J. Russo, Respondent, v Michele Russo, Appellant. [759 NYS2d 742] —In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated December 17, 2001, which, after a hearing, granted that branch of the plaintiff husband's cross motion which was to strike the counterclaim and determined that the parties' separation agreement was valid and enforceable.

Ordered that the order is affirmed, without costs or disbursements.

The defendant wife expressly acknowledged in the separation agreement that only the plaintiff husband was represented by counsel, that she fully understood the terms of the agreement, and that she was freely entering into the agreement. Additionally, the wife testified that the husband's attorney advised her that she did not have to sign the separation agreement and that she could retain an attorney. Moreover, the husband's attorney had the parties initial each page of the separation agreement to reflect that the parties had read each page. The hearing court properly determined that the parties' separation agreement was valid (see Amiel v Amiel, 239 AD2d 532 [1997]). It also correctly concluded that it was fair on its face and not unconscionable.

The hearing court's determination that the separation agreement was not repudiated by an alleged attempted reconciliation is supported by the record. "While generally cohabitation accompanied by an intent to reconcile will result in the repudiation of a separation agreement * * * this rule is grounded upon the presumed intent of the parties, and should not be applied when a contrary intent is clear" (Breen v Breen, 114 AD2d 920, 921 [1985]; see Rosenhaus v Rosenhaus, 121 AD2d 707, 708 [1986]). Here, the parties lived together briefly after entering into the separation agreement and at a subsequent time, but their conduct demonstrated a mutual acknowledgment that the marriage was dead and that they did not intend to reconcile or abandon the separation agreement (see Pugsley v Pugsley, 288 AD2d 284 [2001]; Sepenoski v Sepenoski, 188 AD2d 457 [1992]; cf. Halsey v Halsey, 296 AD2d 28, 31 [2002]).

The defendant's contention as to the child support provision in the separation agreement is improperly raised for the first time on appeal (see Matter of Joan Marie D. v Harold G., 155

AD2d 457 [1989]). Luciano, J.P., Adams, Townes and Crane, JJ., concur.