Jeanne C. Dutcher, Also Known as Jeanne C. Shaver, Appellant, v Kevin S. Shaver, Respondent. [835 NYS2d 763]—

Rose, J. Appeal from that part of an order of the Supreme Court (Sackett, J.), entered March 16, 2006 in Sullivan County, which denied plaintiff's motion to dismiss defendant's counterclaim.

In this divorce action, defendant asserted a counterclaim seeking the imposition of a constructive trust upon certain real property which had been owned by his family for generations and which his father and grandfather had conveyed to the parties jointly after their marriage. Citing a provision in the parties' prenuptial agreement which provided that, upon divorce, all jointly held property would be divided equally, plaintiff moved for, among other things, dismissal of the counterclaim pursuant to CPLR 3211 (a) (1) and (7). Supreme Court denied the motion and plaintiff appeals.

We are persuaded that the parties' deed and their prenuptial agreement, when considered together, resolve all factual issues here and require dismissal of defendant's claim to sole ownership. The prenuptial agreement clearly governs the parties' rights in their jointly owned property upon divorce and, significantly, the agreement excepts no joint property, either then owned or to be acquired later, from its provisions. Nor is there any dispute that the parties' deed jointly names them as owners of the subject real property. Finally, their prenuptial agreement contains a merger clause and they did not agree in writing to a different provision for the property. In light of this, defendant's allegation of plaintiff's oral or implied agreement to convey the property to him in order to keep the property in his family is patently insufficient, and plaintiff has established a conclusive basis for dismissing the counterclaim (*see Bango v Naughton*, 184 AD2d 961, 963 [1992]; *see also Thompson v Thompson*, 294 AD2d 943, 943 [2002]; *cf. Wallach v Hinckley*, 12 AD3d 893, 894-895 [2004]).

Moreover, even if the parties' prenuptial agreement were not dispositive, there is no allegation or evidence here that defendant had any ownership interest in the property before it was given to plaintiff and himself. Rather, it was only his father and grandfather who had such an interest and transferred it to plaintiff, and defendant has not shown that he has standing to assert a claim on their behalf (*see Sperrazza v Kail*, 267 AD2d 692, 694 [1999]; *Liselli v Liselli*, 263 AD2d 468, 469 [1999], *lv denied* 94 NY2d 751 [1999]). Inasmuch as defendant fails to allege a prior ownership interest that he transferred to plaintiff, or that he contributed any funds to the purchase of the property (*cf. Maynor v Pellegrino*, 226 AD2d 883, 884 [1996]), his counterclaim fails to state an element necessary to the imposition of a constructive trust (*cf. Parr v Ronkonkoma Realty Venture I, LP*, 32 AD3d 384, 385 [2006].

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss defendant's counterclaim; motion granted to that extent; and, as so modified, affirmed.