■ RICKIE SIFRE, Appellant, v ENELCY SIFRE, Respondent. [878 NYS2d 798]—

Kane, J. Appeal from an order of the Supreme Court (Zwack, J.), entered October 7, 2008 in Ulster County, which, among other things, partially denied plaintiff's cross motion for summary judgment.

The parties were married in 1981, but in 2000 they began living in separate houses and signed a separation agreement. Plaintiff commenced this divorce action in 2008. Defendant's answer alleged that plaintiff had not complied with the agreement and that the parties cohabited with the intent to reconcile subsequent to executing the agreement. She also counterclaimed for divorce on separate grounds and asserted that the agreement was unconscionable. Defendant moved to dismiss the complaint. Plaintiff cross-moved for summary judgment dismissing the affirmative defenses and counterclaims and granting him a conversion divorce. Concluding that plaintiff substantially complied with the agreement, Supreme Court denied defendant's motion to dismiss the complaint and partially granted plaintiff's cross motion by dismissing the affirmative defense regarding lack of compliance and by dismissing defendant's counterclaim alleging unconscionability based upon her ratification of the agreement. However, the court denied plaintiff's cross motion for summary judgment dismissing the defense of reconciliation finding questions of fact with respect to said defense. Plaintiff appeals.

A plaintiff may obtain a conversion divorce when the parties have lived separate and apart pursuant to a written separation agreement for more than one year and the plaintiff has substantially complied with the terms of the agreement (*see* Domestic Relations Law § 170 [6]). While reconciliation is a defense, "[m]ere sporadic cohabitation and sexual relations are not enough to vitiate a separation agreement; there must be intent to reconcile and *intent to abandon the agreement*" (*Lotz v Lotz*, 135 AD2d 1007, 1009 [1987], *appeal dismissed* 71 NY2d 1012 [1988]; *see Pugsley v Pugsley*, 288 AD2d 284, 284 [2001]; *Rosenhaus v Rosenhaus*, 121 AD2d 707, 708 [1986], *lv dismissed* 68 NY2d 997 [1986]). The agreement here stated that none of its provisions "shall be changed or modified, nor shall this Agreement be discharged or terminated in whole or in part, except by an instrument in writing." The parties therefore required that a termination of the separation agreement—i.e., an abandonment of it—must be in writing (*see Pugsley v Pugsley*, 288 AD2d at 285; *Zambito v Zambito*, 171 AD2d 918, 919-920 [1991], *appeal dismissed* 78 NY2d 1125 [1991]). While the parties' affidavits raised questions of fact concerning whether they reconciled, that issue is irrelevant in the face of the contract language requiring a written termination of the agreement. Nothing in the record raises questions concerning fraud, coercion or anything else that would affect the validity of the agreement or that provision. Based upon the language of the agreement and the lack of any writing evidencing the parties' intent to abandon or terminate the agreement, plaintiff was entitled to dismissal of the reconciliation defense. Once that defense is removed, he is also entitled to summary judgment granting him a divorce.

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiff's cross motion for summary judgment; cross motion granted in its entirety and plaintiff is awarded a divorce; and, as so modified, affirmed.