■ MARIANNE ROSNER, Respondent, v ANDREW ROSNER, Appellant. [888 NYS2d 121]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated July 21, 2008, which denied his motion to dismiss the plaintiff's cause of action for equitable distribution and related relief, for leave to amend his answer to assert counterclaims seeking partition of the parties' residence in Mill Neck and to recover money lent, for a protective order limiting disclosure, and to stay disclosure.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied that branch of the defendant's motion which was to dismiss the plaintiff's cause of action for equitable distribution and related relief. The defendant contends that a provision waiving equitable distribution of the property in a stipulation of settlement, executed by the parties in 1992 to settle an earlier divorce action, operates to bar the plaintiff's present claim for equitable distribution of the parties' property. This contention is without merit. After executing that 1992 stipulation of settlement, the parties continued to live together with their children from 1992 until at least 2004. During that time, the family moved from their first home to two successive homes. In 1993 the parties executed a stipulation of discontinuance of that prior divorce action. Moreover, the parties filed joint tax returns from 1992 through 2005. This constitutes proof of the resumption of the marital relationship and the intention to abandon the 1992 agreement (see Matter of Wilson, 50 NY2d 59, 66 [1980]; Pugsley v Pugsley, 288 AD2d 284, 284 [2001]; Sepenoski v Sepenoski, 188 AD2d 457 [1992]; Rosenhaus v Rosenhaus, 121 AD2d 707 [1986]; Breen v Breen, 114 AD2d 920 [1985]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to amend his answer to assert the existence of the 1992 stipulation. Since the 1992 stipulation was abandoned, the proposed amendment would be "palpably insufficient" as a matter of law and "devoid of merit" (see Tornheim v Blue & White Food Prods. Corp., 56 AD3d 761, 761 [2008]; Scofield v DeGroodt, 54 AD3d 1017, 1018 [2008]; Frank v Eaton, 54 AD3d 805, 805-806 [2008]). Furthermore, the Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which sought a protective order limiting disclosure to concern only that property not encompassed by the 1992 stipulation of settlement and to stay disclosure (see Butti v Butti, 151 AD2d 633, 634 [1989]).

In light of our determination, the Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were for leave to amend his answer to assert counterclaims seeking partition of the parties' residence in Mill Neck and to recover money lent. The proposed amendments are without merit because, after an alteration in the marital relationship, the Supreme Court will have the authority to determine the rights of the parties to that property (see Domestic Relations Law § 236 [B] [5] [c]). Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.