■ R. LLOYD JAEGER, Appellant, v JO-ANN M. JAEGER, Respondent. [687 NYS2d 689] —In a matrimonial action in which the parties were divorced by judgment dated July 3, 1996, the plaintiff appeals from stated portions of an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 26, 1998, which, *inter alia*, denied that branch of his motion which was for an award of an attorney's fee and granted that branch of the defendant's cross motion which was for an upward modification of child support.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the motion which was for an award of an attorney's fee and granting that branch of the cross motion which was for an upward modification of child support and substituting therefor provisions granting that branch of the motion and denying that branch of the cross motion, deleting the provision thereof directing the plaintiff to pay child support in the sum of $1,040.92 per month commencing with the payment due April 1, 1998, and substituting therefor a provision directing the plaintiff to pay child support in the sum of $635 per month commencing with the payment due April 1, 1998, and adding a provision thereto awarding the plaintiff an attorney's fee in the sum of $1,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

A child support agreement arrived at pursuant to a separa-

tion agreement, which is incorporated but not merged into a judgment of divorce, should not be disturbed absent a showing that the agreement was unfair or inequitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred or that the child's right to receive adequate support is not being met (*see, Matter of Brescia v Fitts,* 56 NY2d 132). A generalized claim that a child's needs have increased as the child matured does not warrant an upward modification (*see, Rich v Rich,* 234 AD2d 354; *Strack v Strack,* 225 AD2d 872; *Labita v Labita,* 147 AD2d 535). Here the defendant has failed to show that the agreement was unfair or inequitable when entered into, that there has been an unanticipated and unreasonable change in circumstances, or that the child's right to receive adequate support was not being met. She has made only the generalized claim that the child's needs have increased because she matured. Accordingly, the court erred in deviating from the terms of the parties' separation agreement, which provided that child support payments would decrease upon the defendant's remarriage.

Since the separation agreement also provided for the award of counsel fees to enforce a violation of the agreement, and the defendant failed to notify the plaintiff of her new marriage, he was entitled to an award of an attorney's fee to enforce the agreement by bringing this motion. The record establishes, without contravention, that the value of the services of the plaintiff's attorney was $1,000.

The plaintiff's remaining contention is without merit. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.