■ SUSAN LEIDERMAN, Appellant, v JEFFREY LEIDERMAN, Respondent. LEWIS H. LEHRMAN, Nonparty Appellant. [857 NYS2d 161]—

In a matrimonial action in which the parties were divorced by judgment entered February 11, 2003, the appeal is from an order of the Supreme Court, Nassau County (Ross, J.), dated August 9, 2006, which denied the application of the plaintiff and the nonparty for an award of an attorney's fee and related expenses and costs, pursuant to a stipulation of settlement which was incorporated but not merged into the divorce judgment.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The parties in this matrimonial action entered into a stipulation of settlement (hereinafter the stipulation) which provided, inter alia, that if either party defaulted with respect to any obligation set forth therein, the nondefaulting party, if successful in enforcing the terms of the stipulation by either judgment or settlement, would be paid a reasonable attorney's fee and related expenses and costs incurred in the enforcement. The terms of that provision, which are clear and unambiguous on their face, control (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Rainbow v Swisher*, 72 NY2d 106 [1988]; *Clark v*

*Clark,* 33 AD3d 836, 837 [2006]; *Arato v Arato,* 15 AD3d 511, 512 [2005]). The Supreme Court denied the application of the plaintiff and her attorney for an award of an attorney's fee and related expenses and costs shortly after the application was filed.

As the stipulation included a provision obligating a party who defaulted with respect to any of the terms thereof to pay the other party a reasonable attorney's fee and related expenses and costs in successfully enforcing the terms thereof, whether by judgment or settlement, the former husband, the defaulting party, was contractually obligated to pay such a fee to the former wife (*see Sieratzki v Sieratzki,* 8 AD3d 552, 554 [2004]). The former wife was successful in obtaining a settlement by which most, if not all, of the terms of the stipulation she alleged the former husband defaulted on, were enforced (*id.; cf. D'Amico v D'Amico,* 251 AD2d 616, 617 [1998]). Thus, the Supreme Court erred in denying the application. However, since the former husband was not afforded the opportunity to oppose the application, we remit the matter to the Supreme Court, Nassau County, for a new determination of a reasonable attorney's fee and related expenses and costs, in accordance with the parties' stipulation, after the former husband has been afforded an opportunity to oppose the application.

The appellants' remaining contention is without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.