■ RONIT GURIEL, Respondent-Appellant, v MICHAEL GURIEL, Appellant-Respondent, et al., Defendants. [865 NYS2d 611]—

In an action, inter alia, to recover damages for breach of contract, the defendant Michael Guriel appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), entered March 29, 2007, as granted that branch of the plaintiff's motion which was for summary judgment directing him to comply with the terms of a settlement agreement and dismissing his affirmative defense and counterclaim, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of her motion which was for an attorney's fee only to the extent of awarding an attorney's fee in the sum of $15,000.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In November 2003 the plaintiff and the defendant Michael Guriel (hereinafter the defendant) entered into a separation agreement which distributed the marital property. The plaintiff, who had been a homemaker and only worked part time outside the home during the more than 30-year marriage, was to receive maintenance in decreasing amounts for a period of eight years. She was to receive title to the marital residence, as well as retain her separate property, and waived any interest in the defendant's business and other real and personal property. The defendant agreed to name the plaintiff as irrevocable beneficiary on a policy of life insurance, and to transfer to her half of his interest in a corporation in which he was a shareholder.

An agreement which is fair on its face will be enforced according to its terms unless it is shown to be unconscionable or the

product of fraud or duress (*see Collison-Harrington v Harrington,* 279 AD2d 444 [2001]; *Kammerer v Kammerer,* 278 AD2d 282 [2000]). The subject agreement appeared fair on its face, and there was no evidence of fraud or duress in connection with its production (*see Fine v Fine,* 12 AD3d 399 [2004]; *Lefkowitz v Lefkowitz,* 276 AD2d 598 [2000]; *Cavalli v Cavalli,* 226 AD2d 666 [1996]). Moreover, the agreement was not unconscionable (*see Wasserman v Wasserman,* 217 AD2d 544 [1995]).

The parties' cohabitation for eight months following the execution of the agreement did not raise an issue of fact regarding an intention to reconcile and abandon the agreement (*see Strangolagalli v Strangolagalli,* 295 AD2d 338 [2002]; *Pugsley v Pugsley,* 288 AD2d 284 [2001]; *Kammerer v Kammerer,* 278 AD2d 282 [2000]; *Sepenoski v Sepenoski,* 188 AD2d 457 [1992]; *Farkas v Farkas,* 26 AD2d 919 [1966]).

In light of the defendant's breach of the separation agreement, the court properly granted the plaintiff an award of an attorney's fee (*see Jaeger v Jaeger,* 260 AD2d 351 [1999]; *Friedman v Friedman,* 247 AD2d 430 [1998]). The fee awarded was not an improvident exercise of the court's discretion.

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.