■ Gary Rubio, Respondent, v Jennifer Rubio, Appellant. [894 NYS2d 146]—In a matrimonial action in which the parties were divorced by judgment entered February 14, 2008, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated February 23, 2009, as denied those branches of her motions which were for an award of an attorney's fee in the total sum of $13,921.75.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's

motions which were for an award of an attorney's fee in the total sum of $13,921.75 are granted.

The parties' settlement agreement expressly provided that, in the event that either party defaulted in complying with its terms, the defaulting party would be required to reimburse the nondefaulting party for an attorney's fee incurred in enforcing the terms of the settlement agreement. The defendant established that the plaintiff defaulted in the performance of certain terms under the settlement agreement. Thus, the defendant was entitled to an award of an attorney's fee in the total sum of $13,921.75 (*see Guriel v Guriel*, 55 AD3d 540, 541 [2008]; *Rawlings v Rawlings*, 50 AD3d 998, 999 [2008]; *Leiderman v Leiderman*, 50 AD3d 644, 645 [2008]; *Sayegh v Sayegh*, 49 AD3d 855 [2008]; *Sieratzki v Sieratzki*, 8 AD3d 552, 553-554 [2004]). We note that the plaintiff neither challenged nor addressed those branches of the defendant's motions which were for an award of an attorney's fee (*see Sieratzki v Sieratzki*, 8 AD3d at 554-555). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.