■ THEODORE FACKELMAN, Respondent, v LISA FACKELMAN, Appellant. [896 NYS2d 426]—

In a matrimonial action in which the parties were divorced by judgment entered March 12, 2007, as amended by judgment entered November 9, 2007, the defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated January 23, 2009, which denied her application for an award of an

attorney's fee pursuant to the parties' separation agreement and, in effect, denied her applications for permission to claim the parties' children as dependents on her income tax returns for the years 2001 through 2004 pursuant to the parties' separation agreement and to direct the plaintiff to provide her with a completed IRS Form 8332 for those years indicating that he would not claim the children as dependents.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 23, 2009, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and the facts, with costs, the defendant's application for an award of an attorney's fee pursuant to the parties' separation agreement is granted to the extent of awarding her an attorney's fee in the sum of $13,236.22 and the defendant's applications for permission to claim the parties' children as dependents on her income tax returns for the years 2001 through 2004 pursuant to the parties' separation agreement and to direct the plaintiff to provide her with a completed IRS Form 8332 for those years indicating that he would not claim the children as dependents, are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate money judgment.

The plaintiff and the defendant were divorced by judgment entered March 12, 2007, as amended by a judgment entered November 9, 2007, which incorporated, but did not merge into, a separation agreement dated April 6, 2001. Pursuant to the separation agreement, the plaintiff was required to reimburse the defendant for 50% of certain expenses related to the parties' children. In addition, the agreement provided that, if either party defaulted with respect to any payment required to be made to the other, the defaulting party was required to "indemnify the other against, and to reimburse him or her for, any and all attorney's fees, costs and disbursements resulting from or incurred by the other party in bringing any suit or other proceeding" to recover any such payment. Furthermore, the separation agreement provided that, if the plaintiff made "all of the payments" to the defendant as required, he would be entitled to claim the parties' children as dependents. The defendant would then sign IRS Form 8332 for each such year, indicating that the plaintiff was entitled to claim the children as dependents.

In a prior appeal in this matter, this Court affirmed the judgment, as amended, which awarded the plaintiff a conversion

divorce (*see Fackelman v Fackelman*, 50 AD3d 732 [2008]). However, this Court reversed so much of a prior order as granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim for leave to enter a money judgment for money owed pursuant to the parties' separation agreement and, in effect, denied that branch of the defendant's cross motion which was for a hearing on that counterclaim. The matter was then remitted to the Supreme Court, Nassau County, for a hearing on the defendant's counterclaim.

Upon remitittur, by stipulation dated September 18, 2008, the parties agreed that pursuant to the separation agreement, the plaintiff owed the defendant the sum of $2,000 "for reimbursement of monies expended by [the defendant] . . . from 4/16/01 through 12/31/2005." In addition, the parties stipulated that they would submit to the court, "on papers," (a) their respective positions regarding the defendant's request for counsel fees due pursuant to the separation agreement, and (b) their request that the court "make a determination as to which party [was] entitled to claim the children as dependents on his/her [tax returns] for tax years 2001 through 2004 as per the separation agreement." Upon consideration of the parties' respective submissions, the Supreme Court denied the defendant's request for an award of an attorney's fee on the ground that the defendant had not "presented sufficient evidence for the court to determine which portion of the fees charged relate directly to the $2,000 in unreimbursed expenses." The Supreme Court, in effect, denied the defendant's application for permission to claim the children as dependents on her income tax returns for the years 2001 through 2004. We reverse.

The Supreme Court erred in denying the defendant's application for an award of an attorney's fee pursuant to the parties' separation agreement. Where a separation agreement provides that either party may recover an attorney's fee resulting from the other party's default, the court may award an attorney's fee where it finds that the defaulting party violated the terms of the agreement (*see Guriel v Guriel*, 55 AD3d 540 [2008]; *Jaeger v Jaeger*, 260 AD2d 351 [1999]). Moreover, "in order to receive an award of an attorney's fee, there must be sufficient documentation to establish the value of the legal services rendered" (*Barson v Barson*, 32 AD3d 872, 873 [2006]). Here, the parties' separation agreement provides that a party who prevails in legal proceedings to enforce the provisions of the separation agreement is entitled to "any and all attorney's fees, costs, and disbursements . . . incurred by the party in bringing any suit." As the defendant's counterclaim for a money judgment alleged

that the plaintiff failed to reimburse the defendant for certain expenses due under the separation agreement, and the plaintiff stipulated that he owed the defendant $2,000 for those expenses, the defendant was entitled to recover a reasonable attorney's fee incurred in enforcing the relevant provisions of the separation agreement (*see Jaeger v Jaeger*, 260 AD2d at 352; *cf. Guriel v Guriel*, 55 AD3d at 541; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]). However, rather than remitting the matter to the Supreme Court, Nassau County, for a determination of the amount of an attorney's fee to which the defendant is entitled, we determine the amount in the interest of judicial economy (*cf. Leiderman v Leiderman*, 50 AD3d 644 [2008]). Contrary to the Supreme Court's determination, the defendant submitted sufficient evidence from which the value of the legal services rendered can be discerned. Upon our review of the parties' submissions, we find that the defendant is entitled to the sum of $13,236.22 for the value of the legal services incurred by her in enforcing the relevant provisions of the separation agreement.

Moreover, as the plaintiff failed to make "all of the payments" to the defendant as required by the separation agreement, he was not entitled to claim the parties' children as dependents on his tax returns for the years 2001 through 2004, and was required to provide the defendant with a copy of IRS Form 8332. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.