DONALD SWEENEY, Appellant-Respondent, v TINA BEVERLY SWEENEY, Respondent-Appellant. [898 NYS2d 560]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated January 15, 2009, as granted that branch of the defendant's motion which was to dismiss the second, third, and fourth causes of action pursuant to CPLR 3211 (a) (1), (5) and (7), and as granted those branches of the defendant's motion which were for summary judgment on her counterclaims for a divorce pursuant to a stipulation of settlement and to enforce the stipulation, and (2) from a judgment of divorce of the same court entered May 5, 2009, upon the order, and the defendant cross-appeals from (1) so much of the order dated January 15, 2009, as denied that branch of her motion which was for an award of an attorney's fee, and (2) so much of the judgment as failed to award her an attorney's fee.

Ordered that the appeal and cross appeal from the order dated January 15, 2009, are dismissed; and it is further,

Ordered that the judgment entered May 5, 2009, is modified, on the law, by adding thereto a provision awarding the defendant the reasonable attorney's fees incurred in enforcing the stipulation of settlement; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, that branch of the defendant's motion which was for an award of an attorney's fee is granted, the order dated January 15, 2009, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination of the amount of an award of a reasonable attorney's fee, and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, Donald Sweeney, and the defendant, Tina Beverly Sweeney, were married in California in 1995, and have no children. The parties separated in 2003, and in 2004 they applied for a consent order in Australia, in which they listed the value of certain Australian property at AUD 2 million and exe-

cuted a stipulation of settlement, which among other things, awarded the Australian property to the defendant. The defendant sold the Australian property for AUD 2.8 million approximately three months after executing the stipulation of settlement.

The plaintiff thereafter commenced this action for a divorce and ancillary relief on the ground of constructive abandonment, and to vacate the stipulation of settlement on the grounds of fraud and overreaching. The plaintiff alleged, inter alia, that the defendant committed fraud by representing that the Australian property was valued at AUD 2 million, and by selling it for AUD 2.8 million approximately three months later. The defendant counterclaimed, inter alia, for a judgment of divorce based on the stipulation of settlement and to enforce those provisions of the stipulation of settlement pursuant to which the plaintiff agreed to pay the defendant AUD 115,176 on November 4, 2006, and transfer certain property located at 10 Bowling Green Row in Manchester, England to her. The defendant then moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), arguing that the plaintiff had failed to allege sufficient grounds to have the stipulation of settlement vacated. The defendant also moved for summary judgment, inter alia, on her counterclaims for a judgment of divorce based on the stipulation of settlement, to enforce the aforementioned provisions of the stipulation of settlement, and for an award of an attorney's fee.

In the order dated January 15, 2009, the Supreme Court, inter alia, granted those branches of the defendant's motion which were to dismiss the second, third, and fourth causes of action, to enforce the aforementioned provisions of the stipulation of settlement, and for a judgment of divorce based on the stipulation of settlement, and denied that branch of the defendant's motion which was for an award of an attorney's fee. The judgment of divorce was entered on May 5, 2009.

These appeals and cross-appeals ensued.

"It is well settled that bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action. When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether she has stated one" (*Meyer v Guinta*, 262 AD2d 463, 464 [1999]; *see also Ahmed v Getty Petroleum Mktg., Inc.*, 12 AD3d 385, 385-386 [2004]; CPLR 3211 [a] [1]).

"Only where there is cause sufficient to invalidate a contract,

such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Cohn v Cohn*, 15 AD3d 332 [2005]; *Strangolagalli v Strangolagalli*, 295 AD2d 338 [2002]; *Lesesne v Lesesne*, 292 AD2d 507, 508 [2002]). It is the party seeking to set aside the stipulation of settlement who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable (*see Rubin v Rubin*, 33 AD3d 983, 985 [2006]). "[A] party may not challenge the validity of a settlement agreement based on a claim that [he] undervalued assets which, the record showed, were disclosed by [his] former spouse and known to [him] at the time" (*Kojovic v Goldman*, 35 AD3d 65, 68 [2006]).

Here, the plaintiff's allegation that he reasonably relied on the defendant's alleged misrepresentations and fraud in signing the stipulation of settlement was flatly contradicted by the record. The stipulation of settlement states "in entering this Agreement, the [plaintiff] acknowledges that he has in no way relied upon any attorney certification of any factual submission or submissions, financial or otherwise, made by the [defendant's] attorney." It further states that "both the [plaintiff] and the [defendant] have been fully advised with respect to the legal, financial and practical effect of this Agreement by their respective counsel" (*see e.g. DiSalvo v Graff*, 227 AD2d 298 [1996]). Further, the plaintiff's conclusory claims that the defendant misrepresented the value of the Australian property and concealed a sale or impending sale of that property was insufficient to state a cause of action warranting the relief requested (*see Cosh v Cosh*, 45 AD3d 798, 800 [2007]; *Kojovic v Goldman*, 35 AD3d 65, 71-72 [2006]). Moreover, no provision in the stipulation of settlement prohibited the defendant from selling the Australian property.

Contrary to the plaintiff's contention, the complaint did not seek vacatur of the stipulation of settlement on the ground of unconscionability (*see e.g. Martin Mech. Corp. v Carlin Constr. Co.*, 132 AD2d 688, 690 [1987]), and therefore the issue is not properly before this Court.

The Supreme Court should have granted that branch of the defendant's motion which was for an award of an attorney's fee. Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control (*see Matter of Berns v Halberstam*, 46 AD3d 808, 809 [2007]; *Arato v Arato*, 15 AD3d 511, 512 [2005]). Here, the stip-

ulation of settlement expressly provided that in the event of a breach thereof by one of the parties, the non-breaching party was entitled to an award of an attorney's fee if the non-breaching party sought its enforcement and an order or judgment was entered in his or her favor (*cf. Gottlieb v Such*, 293 AD2d 267, 267-268 [2002]). Here, the defendant successfully sought enforcement of the stipulation of settlement through a counterclaim alleging, inter alia, breach of the stipulation of settlement. Thus, the Supreme Court should have awarded the defendant a reasonable attorney's fee to reimburse her for any and all expenses and costs incurred to enforce the stipulation of settlement.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Florio, Hall and Austin, JJ., concur.

Motion by the appellant-respondent on appeals and cross appeals from an order of the Supreme Court, Nassau County, dated January 15, 2009, and judgment of the same court entered May 5, 2009, to strike points II, III, and IV, and pages 6 though 18 of the respondent-appellant's reply brief as impermissible surreply, or for leave to treat the affirmation filed in support of the motion as a surreply brief. By decision and order on motion of this Court dated November 13, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers field in opposition thereto, and upon the argument of the appeals and cross appeals, it is,

Ordered that the motion is granted, and points II, III, and IV (pages 6 through 18) of the respondent-appellant's reply brief are stricken and have not been considered in the determination of the appeals and cross appeals. Skelos, J.P., Florio, Hall and Austin, JJ., concur.