In the Matter of ALLISON BEDERMAN, Appellant, v MICHAEL BEDERMAN, Respondent. [917 NYS2d 693]—

The parties' stipulation of settlement which was incorporated but not merged into their judgment of divorce entered September 24, 2004, provided that in the event the parties agreed, or a court determined, that the parties' child should attend private preschool, elementary, or secondary school, the parties would proportionately share any educational expenses. The mother commenced this proceeding seeking, inter alia, reimbursement from the father for private school tuition and to direct the father to pay his proportionate share of religious education expenses.

In reviewing a determination of the Family Court, great deference should be given to the determination of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (*see Matter of Spiegel v Spiegel*, 68 AD3d 881 [2009]; *Matter of Kahl-Lapine v Lapine*, 35 AD3d 611 [2006]; *Matter of Mahoney v Goggins*, 24 AD3d 668 [2005]). Here, the record supports the Support Magistrate's findings that the father was not required to pay certain private school

tuition payments for previous years which were gifts from the maternal grandmother, and that the father was not required to pay for religious education expenses under the terms of the parties' stipulation of settlement.

The Support Magistrate also properly denied the mother's request to direct the father to pay his monthly child support through the Nassau County Support Collection Unit pursuant to Family Court Act § 440 (2). The stipulation of settlement provided for an alternate arrangement for the payment of child support in the form of direct payment to the mother unless the father defaulted in his child support payments (*see Matter of Hosza-Dzielak v Hosza*, 26 AD3d 378 [2006]), and the record established that the father was not in arrears on his child support obligations (*see Matter of Shreffler v Shreffler*, 283 AD2d 679, 681 [2001]; *cf. Zwickel v Szajer*, 47 AD3d 1157, 1159 [2008]; *Matter of Nieves-Ford v Gordon*, 26 AD3d 384 [2006]).

The mother was not entitled to an award of an attorney's fee, as she did not prevail on all issues (*see D'Amico v D'Amico*, 251 AD2d 616 [1998]; *cf. Leiderman v Leiderman*, 50 AD3d 644 [2008]).

The parties' remaining contentions are without merit. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.