In a matrimonial action in which the parties were divorced by judgment entered February 20, 2009, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated October 13, 2011, as, in effect, denied his motion for an award of an attorney’s fee and granted the plaintiffs cross motion for an award of an attorney’s fee to the extent of awarding her an attorney’s fee in the sum of $40,000, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted her cross motion for an award of an attorney’s fee only to the extent of awarding her an attorney’s fee in the sum of $40,000.
Ordered that the order is affirmed, without costs or disbursements.
Where the parties to a marital action have agreed to provisions in a settlement agreement which govern the award of attorney’s fees, the agreement’s provisions, rather than statutory provisions, control (see Sweeney v Sweeney, 71 AD3d 989, 992 [2010]; Matter of Berns v Halberstam, 46 AD3d 808, 809 [2007]; Arato v Arato, 15 AD3d 511, 512 [2005]).
In this case, the parties’ stipulation of settlement provided that, in the event that either party defaulted with respect to any obligation set forth in the stipulation, and the injured party incurred attorney’s fees and related expenses or costs in commencing and maintaining an action or proceeding to enforce the agreement, the defaulting party was required to pay all such fees and costs. Contrary to the defendant’s contention, the Supreme Court properly determined that he defaulted by failing to fulfill his obligations under the stipulation within the time frame set forth therein. Accordingly, the plaintiff was entitled to an award of an attorney’s fee (see Rubio v Rubio, 70 AD3d 805 [2010]; Sayegh v Sayegh, 49 AD3d 855 [2008]; Sieratzki v Sieratzki, 8 AD3d 552 [2004]; Mandell v Karr, 7 AD3d 382 *934 [2004]; Matter of Tito v Tito, 276 AD2d 559 [2000]; White v Gordon, 258 AD2d 519 [1999]; Zeitlin v Zeitlin, 250 AD2d 607 [1998]).
The plaintiffs contention that the Supreme Court erred in granting her cross motion for an award of an attorney’s fee only to the extent of awarding her an attorney’s fee in the sum of $40,000 is without merit.
The defendant’s remaining contentions are without merit. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.