In a matrimonial action in which the parties were divorced by judgment entered August 18, 2010, the defendant appeals (1), *834 as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated February 21, 2012, as granted that branch of the plaintiff’s motion which was to confirm so much of a report of a judicial hearing officer dated April 12, 2011, made after a hearing, as recommended that the plaintiff be awarded an attorney’s fee in the sum of $18,000, and denied that branch of his cross motion which was, in effect, to reject that portion of the report, and (2) from an amended order of the same court dated April 2, 2012.
Ordered that the order dated February 21, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that the appeal from the amended order dated April 2, 2012, is dismissed as abandoned; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The plaintiff and the defendant were divorced by judgment entered August 18, 2010, which incorporated, but did not merge with, a stipulation of settlement dated April 26, 2010. The stipulation contained a default provision that provided that if either party defaulted with respect to any obligation set forth in the stipulation, the defaulting party was required to pay the other party’s attorney’s fees and all other actual expenses incurred in any lawsuit or other proceeding to enforce the agreement, so long as the lawsuit or other proceeding resulted in a judgment or order in favor of the nondefaulting party, or the defaulting party agreed to cure the default after the commencement of the lawsuit or proceeding.
In August 2010 the plaintiff moved, inter alla, to enforce the terms of the stipulation, alleging that the defendant had defaulted by failing to fulfill certain of his obligations under the stipulation. The plaintiff also sought an award of an attorney’s fee pursuant to Domestic Relations Law §§ 237 and 238, and the default provision of the stipulation. After a hearing, the Judicial Hearing Officer recommended that the plaintiff be awarded an attorney’s fee in the sum of $18,000, and the Supreme Court confirmed the award.
Where the parties have agreed to provisions in a settlement agreement that govern the award of attorney’s fees, the agreement’s provisions, rather than statutory provisions, control (see Fenster v Fenster, 107 AD3d 933, 933 [2013]; Sweeney v Sweeney, 71 AD3d 989, 992 [2010]; Matter of Berns v Halberstam, 46 AD3d 808, 809 [2007]; Arato v Arato, 15 AD3d 511, 512 [2005]). Here, the plaintiff’s motion to enforce the terms of the stipulation resulted in the Supreme Court’s order in her favor. Additionally, after the plaintiff filed her motion, the defendant agreed to cure certain defaults. Consequently, the *835 defendant was contractually obligated to pay the plaintiffs attorney’s fees incurred to enforce the stipulation (see Fackelman v Fackelman, 71 AD3d 724, 726 [2010]; Leiderman v Leiderman, 50 AD3d 644, 644 [2008]; Sieratzki v Sieratzki, 8 AD3d 552, 554 [2004]). Therefore, the Supreme Court correctly granted that branch of the plaintiff’s motion which was to confirm the award of an attorney’s fee.
The defendant’s remaining contentions are without merit.
The defendant’s appeal from the amended order dated April 2, 2012, must be dismissed as abandoned (see Sirma v Beach, 59 AX)3d 611 [2009]), as the brief filed by the defendant does not seek reversal or modification of any portion of the amended order. Dickerson, J.E, Chambers, Austin and Sgroi, JJ., concur.