■ In the Matter of KAREN SINGER, Appellant, v JASON WINDFIELD, Respondent. [3 NYS3d 381]—

Appeal from an order of the Family Court, Westchester County (Janet C. Malone, J.), dated February 21, 2014. The order granted the father's objections to an amended order of that court (Rosa Cabanillas Thompson, S.M.) dated May 31, 2013, which granted the mother's cross motion for summary judgment on her petition seeking reimbursement for teen-tour expenses and Bar Mitzvah fees, awarded her an attorney's fee in the amount of $3,445, and remitted the matter to the Support Magistrate for a determination of the father's application for an award of an attorney's fee.

Ordered that the order dated February 21, 2014, is modified, on the law and the facts, (1) by deleting the provision thereof granting the father's objection to so much of the amended order dated May 31, 2013, as granted that branch of the mother's cross motion which was for summary judgment on that branch of her petition which sought reimbursement for teen-tour expenses, and substituting therefor a provision denying that objection, and (2) by deleting the provision thereof remitting the matter to the Support Magistrate for a determination of the father's application for an award of an attorney's fee; as so modified, the order dated February 21, 2014, is affirmed, without costs or disbursements.

During the pendency of their divorce action, the mother and the father entered into various stipulations, including a stipulation of settlement settling all issues between them. Those stipulations were incorporated but not merged into a judgment of divorce dated August 26, 2010. On or about March 1, 2011, the mother commenced the instant proceeding, alleging that the father had violated the terms of the stipulation of settlement by failing to pay teen-tour expenses and Bar Mitzvah fees, which were detailed in the earlier stipulations. The mother also sought an award of an attorney's fee. The father moved to dismiss the mother's petition on the ground that it failed to state a cause of action. The mother cross-moved for summary judgment on the petition, and the father subsequently moved for summary judgment dismissing the petition. In an amended order dated May 31, 2013, the Support Magistrate granted the mother's cross motion for summary judgment, and awarded her an attorney's fee. The father filed objections. In an order dated February 21, 2014, the Family Court granted the objections, denied the mother's cross motion, and vacated the award of an attorney's fee.

The mother's claim for reimbursement of Bar Mitzvah fees is precluded by the doctrine of res judicata. "Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see Myers v Meyers*, 121 AD3d 762, 764 [2014]; *Douglas Elliman, LLC v Bergere*, 98 AD3d 642 [2012]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1007 [2012]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred,

even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Hunter*, 4 NY3d at 269; *Myers v Meyers*, 121 AD3d 762 [2014]). Here, the Family Court properly granted the father's objection to that portion of the Support Magistrate's order which awarded the mother reimbursement of Bar Mitzvah fees. The father presented evidence showing that the mother's claim against him arose from the same operative facts as a claim which was decided on the merits in the Supreme Court matrimonial action, in which she sought, inter alia, a finding of contempt against him for his nonpayment of the same Bar Mitzvah fees. The father thus demonstrated that the claim for Bar Mitzvah fees that was asserted against him in this proceeding could have been raised in the Supreme Court action. Thus, this claim was properly dismissed as barred by the doctrine of res judicata.

However, the Family Court erred in granting the father's objection regarding the teen-tour expenses. " 'A release is a contract, and its construction is governed by contract law' " (*Schiller v Guthrie*, 102 AD3d 852, 853 [2013], quoting *Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 962 [2010]; *see Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). Where a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement (*see Schiller v Guthrie*, 102 AD3d at 853; *Kaminsky v Gamache*, 298 AD2d at 361). Here, the mother established her prima facie entitlement to judgment as a matter of law on her claim for reimbursement of the teen-tour expenses. In opposition, the father failed to raise a triable issue of fact as to whether the claim was barred by the release contained in the parties' stipulation of settlement. That release contained an exception that clearly and unambiguously allowed either party to pursue claims seeking to enforce the terms of the stipulation of settlement, as well as all prior stipulations entered into by the parties. This exception was applicable to the mother's claim in this proceeding for reimbursement of teen-tour expenses. Viewed in its entirety, the terms of the stipulation of settlement make clear that it was not intended to preclude the mother's claim in this regard. Accordingly, the Support Magistrate properly granted that branch of the mother's cross motion which was for summary judgment on her claim for reimbursement of teen-tour expenses, and the Family Court erred in granting the father's objection relating to those expenses.

Furthermore, the mother is not entitled to an award of an

attorney's fee, as she did not prevail on all issues (*see Matter of Bederman v Bederman*, 82 AD3d 759 [2011]; *D'Amico v D'Amico*, 251 AD2d 616 [1998]; *cf. Leiderman v Leiderman*, 50 AD3d 644 [2008]). For the same reason, the father is not entitled to an award of an attorney's fee and, therefore, the matter need not be remitted to the Support Magistrate for further proceedings on the father's application for an award of an attorney's fee. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.