■ ANTONY JOHN AMBROSE, Appellant, v ANITA MARY AMBROSE, Appellant. [9 NYS3d 130]—

Appeal from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), dated March 28, 2014. The order, insofar as appealed from, granted those branches of the defendant's motion which were to enforce certain provisions of the parties' stipulation of settlement dated October 18, 2009, which was incorporated but not merged into their judgment of divorce, so as to direct the plaintiff to pay the defendant the outstanding balance of a distributive award in the sum of $4,964.14, the plaintiff's share of the marital debt in the sum of $3,965, and to obtain a certain life insurance policy, and for an award of an attorney's fee in the sum of $6,000.

Ordered that the order is modified, on the facts, by deleting the provision thereof granting that branch of the defendant's motion which was for an award of an attorney's fee in the sum of $6,000, and substituting therefor a provision granting that branch of the motion only to the extent of awarding the defendant an attorney's fee in the sum of $3,100; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

"The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Martin v Martin*, 80 AD3d 579, 580 [2011]; *see Khorshad v Khorshad*, 121 AD3d 857, 858 [2014]). Here, in support of her motion, the defendant established that the plaintiff violated the parties' stipulation of settlement (hereinafter the stipulation), which was incorpo-

rated but not merged into the judgment of divorce, by failing to pay her the sum of $4,964.14, representing the outstanding balance of the distributive award, and to credit her with $3,965 for his share of the marital debt. Contrary to the plaintiff's contention, the record is devoid of evidence showing that he paid these expenses. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to enforce the provisions of the parties' stipulation so as to direct the plaintiff to pay those two sums (*see Hanau v Cohen*, 121 AD3d 940, 941-942 [2014]).

"Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" (*Sweeney v Sweeney*, 71 AD3d 989, 992 [2010]; *see Fenster v Fenster*, 107 AD3d 933 [2013]; *Matter of Berns v Halberstam*, 46 AD3d 808, 809 [2007]). Here, the stipulation expressly provided that in the event of a breach thereof by one of the parties, the nonbreaching party was entitled to an award of an attorney's fee incurred in enforcing the terms of the settlement agreement. Therefore, the defendant was entitled to an attorney's fee in the amount requested to reimburse her for expenses incurred to enforce the stipulation, which was the sum of $3,100 (*see Fenster v Fenster*, 107 AD3d at 933; *Rubio v Rubio*, 70 AD3d 805, 806 [2010]; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]). However, under the circumstances of this case, the defendant was not entitled to additional attorney's fees, including those incurred in opposing a motion by the plaintiff, inter alia, to hold her in civil contempt (*see Etzion v Etzion*, 84 AD3d 1015, 1018 [2011]). Accordingly, the award of an attorney's fee to the defendant in the sum of $6,000 must be reduced to the sum of $3,100.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.