◼ Annette Jaffe, Respondent, v William Friedman, Appellant. [50 NYS3d 293]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated June 25, 2015. The order, insofar as appealed from, denied those branches of the defendant's motion which were to modify a stipulation dated December 18, 2013, and for a money judgment in the sum of $3,580.66, and granted those branches of the plaintiff's cross motion which were for a money judgment in the sum of $7,124.18 and an award of an attorney's fee in the sum of $5,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in 1986 and are the parents of two children. In 2003, the plaintiff commenced an action for a divorce and ancillary relief. On May 24, 2005, the parties entered into a stipulation of settlement (hereinafter the 2005 stipulation) that was incorporated but not merged into their judgment of divorce dated August 16, 2005. Thereafter, in a so-

ordered stipulation dated December 18, 2013 (hereinafter the 2013 stipulation), the parties agreed to modify various provisions of the 2005 stipulation by, inter alia, reducing the defendant's pro rata share of certain add-on expenses pertaining to the parties' youngest daughter.

In January 2015, the defendant moved, inter alia, to modify the 2013 stipulation, arguing that there was a change in circumstances. The plaintiff cross-moved, among other things, for a money judgment in the sum of $7,124.18 for child support add-on arrears and an award of an attorney's fee. The Supreme Court denied the defendant's motion and granted those branches of the plaintiff's cross motion which were for a money judgment in the sum of $7,124.18 and an award of an attorney's fee in the sum of $5,000, pursuant to an enforcement provision in the 2005 stipulation. The defendant appeals.

A party seeking a modification of a child support order bears the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Tomassi v Suffolk County Dept. of Social Servs.*, 144 AD3d 930, 931 [2016]; *Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015]). Since the record demonstrates that the defendant failed to meet his burden, the Supreme Court properly denied that branch of this motion which was to modify the 2013 stipulation.

Further, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for an award of an attorney's fee in the sum of $5,000 (*see Ambrose v Ambrose*, 128 AD3d 746, 747 [2015]; *Fenster v Fenster*, 107 AD3d 933 [2013]; *Sweeney v Sweeney*, 71 AD3d 989, 992-993 [2010]).

The defendant's contentions regarding the award of a money judgment to the plaintiff in the sum of $7,124.18 and the denial of his request for a money judgment in the sum of $3,580.66 are without merit. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.