Nielson v Nielson (2020 NY Slip Op 04174)





Nielson v Nielson


2020 NY Slip Op 04174


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09808
 (Index No. 53933/14)

[*1]Katharine Brown Nielson, respondent,
v
Dharma Erik Nielson, appellant.


Dharma Erik Nielson, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 26, 2018. The order denied that branch of the defendant's cross motion which was for an award of counsel fees.
ORDERED that the order is affirmed, without costs or disbursements.
The parties to this matrimonial action entered into a settlement agreement which was incorporated but not merged into their judgment of divorce, and which provided that "[i]n the event either party shall, subsequent to the execution of this Agreement, institute any modification action against the other, then each party agrees to pay his or her respective counsel fees incurred in prosecuting or defending such action" (hereinafter the counsel fee provision).
Thereafter, the plaintiff commenced a plenary action seeking, inter alia, to set aside or modify certain provisions of the settlement agreement, and also moved in the matrimonial action, among other things, to modify certain provisions of the judgment of divorce. The defendant cross-moved in the matrimonial action, inter alia, to enforce the settlement agreement and for an award of counsel fees. After the plenary action and the matrimonial action were consolidated, the outstanding issues were resolved, with the exception of that branch of the defendant's cross motion which was for an award of counsel fees, which the parties agreed to have the Supreme Court determine on the papers submitted. In the order appealed from, the court denied that branch of the defendant's cross motion which was for an award of counsel fees based upon the counsel fee provision.
"Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" (Sweeney v Sweeney, 71 AD3d 989, 992). The plaintiff's plenary action and motion in the matrimonial action were modification actions, and the defendant's cross motion in the matrimonial action was a defense to those modification actions, within the meaning of the counsel fee provision. Therefore, we agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was for an award of counsel fees based on the counsel fee provision (see Arato v Arato, 15 AD3d 511, 512).
The defendant's remaining contentions are either without merit or not properly before this Court.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court