Cleary-Thomas v Thomas (2021 NY Slip Op 06946)





Cleary-Thomas v Thomas


2021 NY Slip Op 06946


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 312659/16 Appeal No. 14831 Case No. 2020-04969 

[*1]Nicole Cleary-Thomas, Plaintiff-Appellant,
v
Patrick Thomas, Defendant-Respondent.


The Law Firm of Poppe & Associates, PLLC, New York (Kamelia "Mia" Poppe of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich, LLP, New York (Michael Calogero of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered December 21, 2020, which granted defendant's motion to direct plaintiff to be responsible for all transportation of the children for defendant's parenting time while she lives outside the five-mile radius set forth in the parties' custody agreement and awarded him $10,000 in counsel fees, and denied plaintiff's cross motion to remove the radius clause from the custody agreement, direct a halfway point between the parties' homes to exchange the children, and mandate that the parties must mutually consent to "non-emergency medical care" for the children, unanimously affirmed, without costs.
Contrary to plaintiff's contention, the parties' informal agreement to reside in their second homes on Long Island during the pandemic did not alter the five-mile radius clause of the custody agreement. Plaintiff did not provide any evidentiary basis to show that relocation to Long Island would be in the children's best interests given that they attend private school in Manhattan and defendant, who returned to Manhattan in September 2020, has equal physical and legal custody that requires transitions every two to three days. Accordingly, the court properly denied plaintiff's application, without an evidentiary hearing, to remove the radius clause and granted defendant's request that plaintiff be responsible for transporting the children for his parenting time while she remains outside the agreed upon radius (see Matter of Patricia C. v Bruce L., 46 AD3d 399 [1st Dept 2007]; see generally Matter of Tropea v Tropea, 87 NY2d 727, 740 [1996]).
The court correctly awarded defendant counsel fees. The parties agreed to a provision in the settlement agreement that governs the award of attorney's fees. Here, defendant's motion to enforce the radius clause in the custody agreement resulted in the court's order in his favor. Consequently, plaintiff is contractually obligated to pay defendant's attorney's fees incurred to enforce the agreement (see Roth v Roth, 116 AD3d 833, 834-835 [2d Dept 2014]).
Plaintiff's request that defendant obtain her mutual consent before obtaining any "non-emergency medical care" of the children, specifically COVID testing, is unnecessarily burdensome and unwarranted under the circumstances. We agree with the motion court that a COVID test is diagnostic, not a treatment, and is routine and not so invasive as to require both parties' consent.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021