Geraci v Geraci (2023 NY Slip Op 00989)

Geraci v Geraci

2023 NY Slip Op 00989

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01116
 (Index No. 699/12)

[*1]Dorothy M. Geraci, respondent, 
v
Salvatore Geraci, appellant.

Law Offices of David A. Antwork, P.C., Merrick, NY, for appellant.
Regina A. Matejka, Garden City, NY, for respondent.

DECISION & ORDER
In an action to set aside a stipulation of settlement, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated December 9, 2019. The order granted that branch of the plaintiff's motion which was for an award of attorneys' fees to the extent of directing the defendant to pay attorneys' fees in the sum of $4,000 to the plaintiff's counsel.
ORDERED that the order is affirmed, with costs.
The plaintiff (hereinafter the wife) and the defendant (hereinafter the husband) were divorced by a judgment entered March 24, 2011, which incorporated, but did not merge, a stipulation of settlement between them. The stipulation provided that, after a period of seven years, the wife would have the option to purchase certain residential property from the husband "for the balance of any mortgage plus all closing fees plus any amount paid by Husband exceeding the total non-interest bearing property distribution of [$500,000], if any." When after seven years the wife attempted to exercise her option and requested an accounting of all of the husband's claimed equitable distribution payments, the husband responded by indicating that the wife would have to reimburse him for defense costs he incurred in an action commenced against both parties by a third party and for payments he made on his mortgage on the property after expiration of the seven-year period, in order to purchase the property. Further, while the husband provided the wife with a spreadsheet he created which allegedly reflected all sums of money he claimed she owed to him, he failed to provide the wife with an accounting of payments he had made as and for equitable distribution alone.
The wife thereafter moved to enforce the provision of the stipulation granting her the purchase option and also for an award of attorneys' fees pursuant to the "default" provision of the stipulation. As relevant here, by order dated December 9, 2019, the Supreme Court granted that branch of the wife's motion which was for an award of attorneys' fees to the extent of directing the husband to pay attorneys' fees in the sum of $4,000 to the wife's counsel. The husband appeals.
"Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control"
(Ambrose v Ambrose, 128 AD3d 746, 747 [internal quotation marks omitted]; see Roth v Roth, 116 AD3d 833, 834). "A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations" (Landmark [*2]Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 658).
Here, there is no language in the stipulation that permitted the husband to condition the wife's purchase of the subject property on any alleged obligation to indemnify him for defense costs incurred in an action commenced against the parties by a third party. Further, no language in the stipulation required the wife to immediately assume the obligation to pay the husband's mortgage on the property upon her exercise of her purchase option. By placing conditions on the wife's purchase option that were not provided for in the stipulation, and concomitantly refusing to sell her the property under the agreed-upon terms or to provide an accounting of actual equitable distribution payments made to or on behalf of the wife that were to be reimbursed in connection with the sale, the husband failed to comply with the stipulation.
The husband's remaining contentions are without merit.
Accordingly, the Supreme Court properly directed the husband to pay attorneys' fees to the wife's counsel pursuant to the stipulation of settlement (see Fenster v Fenster, 107 AD3d 933).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court