Birnbaum v Birnbaum (2025 NY Slip Op 06981)

Birnbaum v Birnbaum

2025 NY Slip Op 06981

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-12354
 (Index No. 800821/20)

[*1]Jennifer Birnbaum, appellant, 
vMatthew Birnbaum, respondent.

Mantel McDonough Riso, LLP, New York, NY (Kevin M. McDonough of counsel), for appellant.
Krauss Shaknes Tallentire & Messeri LLP, New York, NY (Jordan Messeri of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated October 7, 2020, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered November 29, 2023. The order granted those branches of the defendant's cross-motion and motion which were for an award of attorneys' fees.
ORDERED that the order is affirmed, with costs.
The parties were divorced by a judgment of divorce dated October 7, 2020. The judgment of divorce incorporated, but did not merge, a settlement agreement entered into by the parties on June 24, 2020. Article XIX(C) of the settlement agreement provides that a party who initiates a "suit or other proceeding" to modify the settlement agreement, identified as the "plaintiff party," is entitled to an award of attorneys' fees if he or she obtains a judgment, decree, or order substantially in his or her favor, but if the plaintiff party does not obtain a judgment, decree, or order substantially in his or her favor, the other party is entitled to an award of attorneys' fees.
In December 2021, the plaintiff moved, inter alia, to modify certain provisions of the settlement agreement. The defendant cross-moved, among other things, for an award of attorneys' fees. In an order dated May 9, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to modify the settlement agreement, granted some of the relief sought by the defendant in his cross-motion, and referred to a hearing a branch of the plaintiff's motion and that branch of the defendant's cross-motion which was for an award of attorneys' fees. Thereafter, the plaintiff moved, among other things, for leave to reargue and renew various branches of her prior motion, and the defendant moved, inter alia, for an award of attorneys' fees. Subsequently, the parties withdrew all pending motions and cross-motions, with the exception of those branches of the defendant's cross-motion and motion which were for an award of attorneys' fees. In an order entered November 29, 2023, the court granted those branches of the defendant's cross-motion and motion which were for an award of attorneys' fees. The plaintiff appeals.
"Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" [*2](Sweeney v Sweeney, 71 AD3d 989, 992; see Geraci v Geraci, 213 AD3d 913, 914; Nielson v Nielson, 185 AD3d 946, 947). A settlement agreement entered into by the parties in a matrimonial action that is incorporated, but not merged, into a judgment of divorce "constitutes a contract between the parties, subject to the principles of contract interpretation" (Cervera v Cervera, 218 AD3d 636, 638; see Etzion v Etzion, 84 AD3d 1015, 1016).
Here, the plaintiff initiated postjudgment motion practice, among other things, to modify certain provisions of the settlement agreement. Although the defendant subsequently sought to modify and enforce various provisions of the settlement agreement throughout the motion practice, he did so in the context of defending against the plaintiff's claims and asserting counterclaims against her (see Nielson v Nielson, 185 AD3d at 947). Accordingly, this postjudgment motion practice is a proceeding to modify the settlement agreement as described in Article XIX(C) thereof, and the plaintiff is the plaintiff party under that subsection. The May 9, 2022 order, which, inter alia, denied that branch of the plaintiff's motion which was to modify the settlement agreement and granted the defendant some of the relief sought in his cross-motion, was an order substantially in favor of the defendant. Moreover, because this motion practice did not result in a judgment, decree, or order substantially in favor of the plaintiff, the defendant was entitled to an award of attorneys' fees pursuant to the settlement agreement.
Contrary to the plaintiff's contention, the motion practice was not resolved by settlement so as to preclude the defendant from recovering attorneys' fees under the terms of the settlement agreement.
Thus, the Supreme Court properly granted those branches of the defendant's cross-motion and motion which were for an award of attorneys' fees.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court