Matter of Berani v Berani

2026 NY Slip Op 01959

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Donika Berani, appellant,

v

Alban Berani, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-01994, (Docket No. F-6585-22/24F)

Francesca E. Connolly, J.P.

Linda Christopher

Lillian Wan

Susan Quirk, JJ.

Donika Berani, Scarsdale, NY, appellant pro se.

Alban Berani, Yonkers, NY, respondent pro se.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated January 9, 2025. The order denied the mother's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated October 1, 2024, which, after a hearing, dismissed the mother's petition alleging, in effect, that the father willfully violated the child support provisions of the parties' judgment of divorce and an order of child support.

ORDERED that the order dated January 9, 2025, is affirmed, with costs.

In 2017, the parties, who have one child together, were divorced by a judgment of divorce which incorporated but did not merge a stipulation of settlement. The judgment of divorce directed, among other things, that the father would be responsible for 100% of the child's unreimbursed medical expenses. In orders dated September 16, 2022, and September 15, 2023, the Family Court, inter alia, modified the father's child support obligations.

The mother filed a petition alleging that the father violated the terms of the judgment of divorce and subsequent child support orders by failing to pay 100% of the child's health insurance premiums. In an order dated April 17, 2024, the Support Magistrate granted the petition to the extent of awarding the mother arrears for, among other things, the father's share of payments for health insurance premiums made between January 1, 2023, and April 17, 2024, and denied so much of the petition as sought arrears for health insurance premiums prior to January 1, 2023.

In September 2024, the mother filed another petition, alleging, in effect, that the father violated the judgment of divorce and the child support order dated September 16, 2022, by failing to pay 100% of the child's health insurance premiums from 2017 through 2022. In an order dated October 1, 2024, the Support Magistrate dismissed the petition on the ground of res judicata. The mother filed objections to that order. In an order dated January 9, 2025, the Family Court denied the mother's objections. The mother appeals.

Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been [*2]raised in the prior proceeding (see Matter of Solomon v Solomon, 231 AD3d 733, 734; Matter of Singer v Windfield, 125 AD3d 666, 667). Here, the Family Court properly determined that the mother was precluded from relitigating the issue of arrears for the child's health insurance premiums from 2017 through 2022 allegedly owed by the father, as the mother sought and failed to prove her entitlement to such relief in the prior proceeding (see Matter of Solomon v Solomon, 231 AD3d at 734).

Accordingly, the Family Court properly denied the mother's objections to the order dated October 1, 2024.

CONNOLLY, J.P., CHRISTOPHER, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court